# EXHIBIT 2
# (Complaint)

Bradley L. Tilt (07649)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
office: 385-355-4826
bradley.tilt@freemanlovell.com
*Attorneys for Plaintiffs*

Felicia B. Canfield (09686)
CANFIELD LAW LLC
2413 Newton Avenue
Cody, WY 82414
Office: (307) 228-5986
canfieldlawllc@gmail.com
*Attorney for Plaintiffs*

> **If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

---

## IN THE SECOND DISTRICT COURT IN AND FOR
## WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN; and JOHN P. MULLIGAN, <br><br> Plaintiffs <br><br> v. <br><br> ALUM ROCK RIVERSIDE, LLC, a California limited liability company; Brett H. Del Valle and Traci M. Del Valle as Co-Trustees of the Del Valle Family Trust dated October 30, 2002 <br><br> Defendants. | **COMPLAINT AND JURY DEMAND** <br><br> **(Tier 3)** <br><br> Case No. _____ <br><br> Judge _____ |

Plaintiffs assert, allege, and pray for relief as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiffs Molly M. Mulligan and John P. Mulligan each are individuals (referred

to hereinafter collectively as "**Plaintiffs**" or "**Mulligans**") who together, as wife and husband

and as joint tenants, own and claim that certain real property which is the subject of this case.

2.      The real property which is the subject of this case is located in Weber County, State of Utah, commonly known as 1453 South Basinview Road, Huntsville, UT 84317, and is more particularly described as follows (the "**Property**"):

> Lot 7, BASINVIEW ESTATES CLUSTER SUBDIVISION 1ST AMENDMENT, according to the official plat thereof on file and of record in the office of the Weber County Recorder.
>
> Together with a right of use for an easement for ingress and egress over and across Basinview Road (a private road), as shown on the official dedicated plat, to and from said Lot to a physically open and legally dedicated public street.

Tax ID No. 20-119-0007

3.      Defendant Alum Rock Riverside, LLC ("**Defendant**" or "**Alum Rock**"), is a California limited liability company which claims or may claim to have an interest in or to the Property.

4.      Defendants Brett H. Del Valle and Traci M. Del Valle, as Co-Trustees of The Del Valle Family Trust dated October 30, 2002 (referred to hereinafter individually and/or collectively as the "**Trust**" or the "**Del Valle Family Trust**") are co-trustees of the Trust ("**Co-Trustees**"), which Trust previously owned the Property and conveyed it by warranty deed to Plaintiffs.

5.      Jurisdiction is proper in this Court, including without limitation pursuant to Utah Code Ann. § 78B-6-401.

6.      Venue is proper in this Court, including without limitation pursuant to Utah Code Ann. § 78B-3-301(1) and § 78B-3-304 because this action involves real property located in Wasatch County, Utah.

2

7.      This matter is a Tier 3 case under and pursuant to Rule 26(c)(3) of the Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

8.      The Del Valle Family Trust purchased and obtained title of record to the Property in 2007 by way of a *Special Warranty Deed* from Basinview Development, LC, which deed was recorded on May 3, 2007 as Entry No. 2261271 in the official records of the Weber County Recorder's office (the "**Special Warranty Deed**").

9.      When the Trust purchased the Property, the Trust, as borrower, obtained a loan from Wells Fargo Bank, N.A., which loan was secured by a *Short Form Deed of Trust* in the principal amount of $500,000.00, which was recorded on the Property on May 3, 2007, as Entry No. 2261272 (the Trust's "**Purchase Money Trust Deed**").

10.     The Trust further obtained a loan, as borrower, from California National Bank, which loan was secured by *a Construction Deed of Trust* in the principal amount of $1,750,000.00, which was recorded on the Property on December 31, 2007, as Entry No. 2313274 (the Trust's "**Construction Trust Deed**").

11.     On information and belief, Defendants Co-Trustees Brett H. Del Valle ("**Brett**") and Traci M. Del Valle ("**Traci**") did not contribute the Property to the Trust because the Trust purchased the Property directly from Basinview Development, LC and paid value for the Property and the residence built thereon, including as evidenced by the Purchase Money Trust Deed and the Construction Trust Deed.

12.     The Trust at all times owned the Property of record from 2007 until 2021 when the Trust, as Grantor, sold the Property to Plaintiffs, as joint tenants, conveying title by way of a

*Warranty Deed* recorded on May 11, 2021 as Entry No. 3151874 in the official records of the Weber County Recorder's office (the vesting "**Warranty Deed**").

13.    Plaintiffs obtained a loan for their purchase of the Property, which loan is secured by a Deed of Trust in favor of Morgan Stanley Private Bank, which was recorded on the Property on August 2, 2021 as Entry No. 3172556 (the "**Morgan Stanley Trust Deed**").

14.    When the Mulligans purchased the Property from the Trust they paid off various liens and encumbrances of record, including: (1) $712,209.92 paid in satisfaction of a mortgage loan given by BOFI Federal Bank to the Trust, as borrower, which loan was secured by a *RESPA Deed of Trust* recorded on the Property on September 20, 2017, as Entry No. 2879566 (the "**First Position Trust Deed**") ; (2) $948,000.00 paid in satisfaction of a mortgage loan given by TSS Enterprises Inc. to the Trust, which loan was secured by a *Deed of Trust with Assignment of Rents* recorded on July 6, 2020, as Entry No. 3066407 (the "**Second Position Trust Deed**"); (3) unpaid, delinquent property taxes in the amount of $46,248.89 for tax years 2018-2020 (the "**Delinquent Property Taxes**"); and, (4) delinquent homeowner association dues in the amount of $2,125.00 (the "**Delinquent HOA Dues**"), all of which liens and encumbrances appeared in the public record.

15.    Each of the Trust's Purchase Money Trust Deed and the Construction Trust Deed were reconveyed of record prior to the recording of the First Trust Deed and the Second Trust Deed.

16.    After the Mulligans purchased the Property from the Trust and their purchase proceeds paid off the First Trust Deed and the Second Trust Deed, each of those deeds of trust were subsequently reconveyed of record.

17.    Neither of the Co-Trustees appears in any individual and/or personal capacity in

4

any public record, abstract, or title search as an owner of the Property at any point in time, including not in the chain of title when Plaintiffs purchased the Property from the Trust.

18.     No judgments against either of the Co-Trustees in any individual and/or personal capacity of either of them were recorded on or against the Property in the office or records of the Weber County Recorder; no judgments against either of the Co-Trustees in any individual and/or personal capacity of either of them appear in any Weber County Recorder abstract or title search of the Property; and no judgments against either of the Co-Trustees in any individual and/or personal capacity of either of them appear in the searchable court index where the Property is located, including not during the time leading up to and including when the Mulligans purchased the Property.

19.     The claimed interests of defendant Alum Rock in or to the Property is/are based and premised upon a certain document entitled *Notice of Judgment* filed on October 23, 2020 in the Third Judicial District Court, Salt Lake County, which was recorded in the office and records of the Weber County Recorder on October 23, 2020 as Entry No. 3101770, but which was not abstracted to or against the Property (the "**Alum Rock Lien**").

20.     The Alum Rock Lien relates to an underlying foreign judgment which was entered on March 18, 2020 against Brett Del Valle in his individual and personal capacity only and not in his capacity as one of the Co-Trustees of the Trust (among other judgment debtors, but not including and/or not against the Trust nor either of the Co-Trustees of the Trust including not Traci Del Valle).

21.     Defendant Alum Rock claims that the Alum Rock Lien attached to and encumbers the Property, including particularly but without limitation purportedly ahead of and with priority over Plaintiffs' interests in and ownership of the Property, it has failed and/or refused to release

of record the Alum Rock Lien which therefore is and constitutes a cloud upon Plaintiffs' title to the Property, and it has stated that it intends to enforce the Alum Rock Lien against the Property.

22.     On or about June 22, 2021, in a writ "proceeding" brought in the Third District Court in and for Salt Lake County, Utah, Alum Rock obtained a *Writ of Execution* against the Property to enforce its Lien (the "**Writ of Execution**").

23.     Pursuant to an appeal of the issuance of the Writ of Execution, in *Mulligan v. Alum Rock Riverside, LLC*, 2024 UT 22, ¶¶ 58, 62, 66 and n. 8, 69, the Utah Supreme Court held that Alum Rock created a judgment lien when it recorded its *Notice of Judgment* with the Weber County recorder on October 23, 2020; that its Writ of Execution was validly issued in only a writ "proceeding" in Salt Lake County (which the Utah Supreme Court expressly held was not an action, including not one to which Plaintiffs were parties); and specifically stated that it expressed "no opinion" on "whether [Co-Trustee Traci Del Valle's] joint ownership of the Property has any effect on [Alum Rock's] judgment lien". *Id.* n. 7.

24.     Utah Code Section 75-7-505(1) provides that: "If a trust has more than one settlor, the amount the creditor or assignee of a particular settlor may reach may not exceed the settlor's interest in the portion of the trust attributable to that settlor's contribution."

25.     The *Mulligan* decision did not foreclose Plaintiffs from bringing an action asserting claims and causes of action in the county where the Property is located in relation to the Alum Rock Lien.

26.     On or about December 18, 2024, Defendant Alum Rock caused to be posted on the Property a Weber County Sheriff's Office *Notice of Sale – Real Property*, which sets forth a sale date of January 16, 2024 at 12:00 p.m. (the "**Notice of Sale**").

## FIRST CAUSE OF ACTION
### (Declaratory Judgment and Quiet Title)

27.     Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

28.     An actual controversy has arisen and now exists regarding the Alum Rock Lien upon and/or against the Property which has been conveyed to and is owned by Plaintiffs, including pursuant to the Warranty Deed.

29.     The interests of the parties are adverse, concrete, and justiciable, and declaratory relief is warranted.

30.     Plaintiffs seek to quiet title to their ownership of the Property as against any claimed rights or interests to the Property asserted by Defendant Alum Rock, including pursuant to the Alum Rock Lien, in whole or in part.

31.     A judicial declaration is necessary and appropriate at this time in order that the Plaintiffs may confirm their rights with respect to ownership of the Property, including in advance of and before any attempt by Defendant Alum Rock to enforce its Lien against the Property.

32.     Utah Code Section 75-7-505(1) provides that: "If a trust has more than one settlor, the amount the creditor or assignee of a particular settlor may reach may not exceed the settlor's interest in the portion of the trust attributable to that settlor's contribution."

33.     Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that:

        a.      Brett Del Valle and Traci M. Del Valle, as apparent settlors of the Trust, did not contribute the Property, or any portion of the Property to the Trust, and that Alum

7

Rock's Lien therefore did not attach to any purported contribution interest of Brett Del Valle in or to the Property (*i.e.*, did not attach at all to the Property); or,

b.       In the alternative only, if Brett Del Valle and Traci M. Del Valle, as apparent settlors, did contribute the Property to the Trust, then Alum Rock's Lien only attached to, encumbers, and/or affects any interest in the portion of the trust attributable to settlor Brett Del Valle's contribution, if any, and Alum Rock's Lien did not attach to the portion of the trust attributable to Traci M. Del Valle's contribution (leaving the Property free and clear of and from, and unaffected by, the Alum Rock Lien to the extent of Traci M. Del Valle's contribution); and in either event that,

c.       Alum Rock cannot foreclose the Alum Rock Lien against and/or upon any part, portion, and/or interest whatsoever in or to the Property unless and until Alum Rock has established and proven to this Court what portion of the Property previously owned by the Trust was attributable to Brett Del Valle's contribution, if indeed any at all, and this Court has declared such portion of the Property which is therefore subject to the Alum Rock Lien.

34.       Additionally, pursuant to Utah Code Ann. §§ 78B-6-1301, *et. seq.*, Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to judgment quieting title of the Property in Plaintiffs, either fully free and clear of and from, and unaffected by, any and all estates, rights, titles, and/or interests which may be held and/or claimed by and/or under the Alum Rock Lien; or, in the alternative only, Plaintiffs are entitled to judgment quieting title in that portion of the Property that is unaffected and unencumbered by any contribution interest apparent settlor Brett Del Valle, if any, and that the Alum Rock Lien can only affect and encumber at most, and only, any contribution interest of apparent settlor Brett Del Valle, if any.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Equitable Subordination)

35.     Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

36.     Prior to Plaintiffs' purchase of the Property from the Trust, the Property was subject to and encumbered the First Position Trust Deed.

37.     Also prior to Plaintiffs' purchase of the Property from the Trust, the Property was subject to and encumbered by the Second Position Trust Deed.

38.     Further prior to Plaintiffs' purchase of the Property from the Trust, the Property was subject to and encumbered by a lien for the unpaid Delinquent Property Taxes (the "**Property Tax Lien**").

39.     Further prior to Plaintiffs' purchase of the Property from the Trust, the Property was subject to and encumbered by a lien for the unpaid Delinquent HOA Dues (the "**HOA Lien**").

40.     The First Position Trust Deed and the Second Position Trust Deed each were prior and superior to the later-recorded Alum Rock Lien.

41.     The Property Tax Lien and the HOA Lien each were prior and superior to the later-recorded Alum Rock Lien.

42.     As a matter of law, the Property Tax Lien had super-priority ahead of and superior to any interest of the Alum Rock Lien.

43.     Plaintiffs' proceeds for and from Plaintiffs' purchase of the Property were used to pay off the First Position Trust Deed in the amount of $712,209.92, the Second Position Trust

9

Deed in the amount of $948,000.00, the Property Tax Lien in the amount of $46,248.89, and the

HOA Lien in the amount of $2,125.00, all having priority over, ahead of, and superior to any

interest of the Alum Rock Lien, in the total cumulative amount of at least $1,708,583.81.

44.     Plaintiffs paid and authorized the payment and disbursement of those proceeds of,

for and from their purchase of the Property to pay off those prior and superior obligations and

liens against the Property with the understanding and intent that Plaintiffs' Warranty Deed and

all other rights of Plaintiffs in and to the Property would be in a first priority position ahead of

and without any liens and/or encumbrances (other than those which Plaintiffs themselves may

have signed and pledged), including without limitation occupying the priority places of and

instead of the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien,

the HOA Lien, and ahead of and superior to all other estates, rights, titles, claims, and/or

interests in, to, on, and/or against the Property (other than those which Plaintiffs themselves may

have signed and pledged).

45.     At the time Plaintiffs purchased the Property and disbursed and/or authorized

disbursement of their purchase proceeds, Plaintiffs did not know that Defendant Alum Rock held

or would claim to hold any priority position pursuant to the Alum Rock Lien, or otherwise, over,

ahead of, or superior to Plaintiffs' ownership of the Property pursuant to Plaintiffs' Warranty

Deed or otherwise.

46.     It would be inequitable and unjust if the Alun Rock Lien were not equitably

subordinated to Plaintiffs' ownership of and Warranty Deed on and to the Property.

47.     By virtue of Plaintiffs' purchase proceeds having paid off the prior liens and

obligations on and against the Property in at least the amount of $1,708,583.81, including,

without limitation, prior liens and obligations to which the Alum Rock Lien, and any and all

other interests held or claimed by Defendant Alum Rock, were at all times junior, subject, and inferior, the interests of Defendant Alum Rock, should be equitably subordinated to Plaintiffs' ownership and Warranty Deed, to at least the extent that Plaintiffs' purchase proceeds paid off and reduced prior liens and obligations on and against the Property, to which any and all interests of Defendant Alum Rock, were at all times junior, subject, and inferior.

48.     Plaintiffs are entitled, pursuant to Utah Code Ann. §§ 78B-6-401 *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, to declaratory judgment that, by virtue of Plaintiffs having paid off the liens and obligations on and against the Property that were prior and superior to the Alum Rock Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, and to which they always were subject and inferior, the Alum Rock Lien and any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, are equitably subordinated to and do not affect Plaintiffs' ownership, Warranty Deed, and other interests, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced prior liens and obligations on and against the Property, in at least the amount of $1,708,583.81.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Equitable Subrogation)**

49.     Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

50.     It would be inequitable and unjust if Plaintiffs' ownership, Warranty Deed, and other interests in and to the Property were not equitably and otherwise subrogated to a position of priority ahead of and superior to the Alum Rock Lien and to any and all other estates, rights,

11

titles, or interests in the Property held and/or claimed by Defendant Alum Rock, due to and in light of Plaintiffs' purchase proceeds having paid off the liens and obligations on and against the Property, in at least the amount of $1,708,583.81, that were prior and superior to the Alun Rock Lien, and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, and to which they always were subject and inferior.

51.    If Plaintiffs' ownership, Warranty Deed, and other interests were not equitably subrogated to a position of priority ahead of and superior to the Alum Rock Lien, and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, then Defendant Alum Rock would be unjustly enriched and reap a windfall by virtue of Plaintiffs having paid off other liens and obligations to which the Alum Rock Lien, and any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, always were, and would otherwise have remained, junior, inferior and subordinate.

52.    Plaintiffs are entitled, pursuant to Utah Code Ann. §§ 78B-6-401 *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise to declaratory judgment that Plaintiffs' ownership, Warranty Deed, and other interests in and to the Property should be and are subrogated to the priority positions in, on, and to the Property of all prior liens and obligations, with priority over the Alum Rock Lien, and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, which were paid off with Plaintiffs' purchase proceeds, in at least the amount of $1,708,583.81, including particularly but without limitation to the priority position of the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien, the HOA Lien, and each of them, ahead of and superior to the Alum Rock Lien, and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, at least to the extent that Plaintiffs' purchase proceeds

paid off or reduced such prior liens and obligations on and against the Property, in at least the amount of $1,708,583.81.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment – No Constructive Notice)

53.     Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

54.     Leading up to and at the time that the Mulligans purchased the Property, the Alum Rock Lien did not appear of record in any Weber County Recorder abstract of title for the Property.

55.     Leading up to and at the time that the Mulligans purchased the Property, the Alum Rock Lien did not appear in any title search of the Property.

56.     Leading up to and at the time that the Mulligans purchased the Property, the Alum Rock Lien did not appear in the searchable court index in any Weber County court where the Property is located.

57.     At all times, including leading up to and at the time that the Mulligans purchased the Property, the Alum Rock Lien did not appear in the Weber County Judgment Index.

58.     The Trust was not recorded, and no other document was recorded that disclosed a claim to the Property that set forth the Trust's beneficiaries' names, specified the beneficiaries' interest on which the claim was based, and described the Property as being subject to that interest.

59.     The Warranty Deed did not disclose any claim of Alum Rock.

60.     Utah Code Section 57-3-102(4) states, in pertinent part: "The fact that a recorded

13

document … names the grantee as trustee, or otherwise purports to be in trust without naming beneficiaries or stating the terms of the trust does not charge any third person with notice of any interest of the grantor or of the interest of any other person not named in the document."

61.     No Trust instruments or documents are recorded on or against the Property that discloses, names, or states: (1) the name(s) of any settlor(s) and/or beneficiar(ies) of the Trust; (2) the terms of the Trust; (3) discloses any contribution interests of any settlor(s) of the Trust; or (4) discloses any claims as against the Property by, though, or under the Trust and/or its settlors.

62.     Utah Code Section 57-3-102(4) dictates that the Mulligans were not charged with any notice of any individual contribution interests of Brett H. Del Valle and Traci M. Del Valle, in their respective individual and personal capacities, in the Property to which the Alum Rock Lien could attach.

63.     Utah Code Section 57-3-102(5) states: "The grantee in a recorded document may convey the interest granted to him free and clear of all claims not disclosed in the document in which he appears as grantee or in any other document recorded in accordance with this title that sets forth the names of the beneficiaries, specifies the interest claimed, and describes the real property subject to the interest."

64.     Utah Code Section 57-3-102(5) dictates that the Warranty Deed imparted notice to Plaintiffs that the Co-Trustees of the Trust could and did convey the Property to Plaintiffs "free and clear" of all claims not disclosed in the 2007 Special Warranty Deed in which the Co-Trustees of the Trust appeared as grantees and by which the Trust acquired title, and "free and clear" of all unrecorded equitable interests in the Property held or claimed by anyone, including Alum Rock, whose interest was not disclosed in any other recorded document that sets forth the names of the beneficiaries, specifies the interest claimed by Alum Rock, and describes the real

property subject to the interest.

65.    Plaintiffs thus had no constructive notice of any interest of Brett Del Valle in his individual and/or personal capacity in or to the Property (including without limitation any contribution interest as a now apparent settlor of the unrecorded Trust, or otherwise).

66.    Plaintiffs also thus had no constructive notice of the Alum Rock Lien which was entered against Brett Del Valle in his individual and personal capacity only (and against other judgment debtors not relevant to this case) and not in his capacity as one of the Co-Trustees of the Trust.

67.    If and to the extent that the Alum Rock Lien attached to and/or encumbered any part, portion, or contribution interest in, to, and/or of the Property (*see* First Cause of Action hereinabove and by this reference incorporated here), then the Alum Rock Lien constituted a material defect on and against the Property that was not disclosed to Plaintiffs.

68.    Pursuant to Utah Code Ann. §§ Utah Code Section 57-3-102(4) and (5), 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that Plaintiffs' estates, rights, titles, and interests in and to the Property are free and clear of and from, and are wholly unaffected by, the Alum Rock Lien and any and all other claims of or by Defendant Alum Rock to any estate, right, title, lien, encumbrance, and/or other interest in, on, or to the Property, and that Plaintiffs' interests in and to the Property are wholly unaffected by any attempt of Defendant Alum Rock to execute upon and/or to foreclose any claimed lien upon and/or encumbrance against the Property.

    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment – Bona Fide Purchasers)

69.    Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

70.    An actual controversy has arisen and now exists regarding the Alum Rock Lien upon and/or against the Property which has been conveyed to and is owned by Plaintiffs, including pursuant to the Warranty Deed.

71.    Plaintiffs paid valuable consideration and acted in good faith when they purchased the Property.

72.    When Plaintiffs purchased the Property the only owner of record was, and for fourteen years only ever had been, the Trust.

73.    When Plaintiffs purchased the Property no liens of record existed against the Trust, the grantor on the Warranty Deed conveying title to Plaintiffs, other than the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien, and the HOA Lien (each of which were prior and superior to the later-recorded Alum Rock Lien, and all of which were paid off and satisfied with Plaintiffs' proceeds for and from Plaintiffs' purchase of the Property).

74.    As a result, when Plaintiffs purchased the Property Plaintiffs had no constructive notice of, no actual knowledge of, and could not and did not discover any judgment liens on or against the Property and had no notice and/or knowledge of any adverse interest in or to the Property.

75.    Plaintiffs purchased for value, paid for, and obtained title to the Property without notice and/or knowledge of the Alum Rock Lien, which was related to a foreign judgment which was not entered against the Trust, and without notice and/or knowledge of any other claim in or

16

to the Property by Defendant Alum Rock.

76.     At the time the Mulligans purchased the Property, they had no notice and/or knowledge of the Alum Rock Lien, nor of any other claim by Alum Rock, in, to, and/or against the Property.

77.     At the time the Mulligans purchased the Property, nothing in the official records of the Weber County Recorder showed whether the Trust was a purportedly revocable trust, nor whether there was any contribution interest of the Property by any revocable trust settlor(s).

78.     Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that by virtue of the foregoing Plaintiffs are bona fide purchasers of the Property who paid valuable consideration, in good faith, without notice of any adverse claims of Defendant Alum Rock, including without notice of the Alum Rock Lien, and that Plaintiffs' estates, rights, titles, and interests in and to the Property are free and clear of and from, and are wholly unaffected by, the Alum Rock Lien, and any and all other claims by Defendant Alum Rock to any estate, right, title, lien, encumbrance, and/or other interest in, on, or to the Property, and that Plaintiffs' interests in and to the Property are wholly unaffected by any attempt of Defendant Alum Rock to execute upon and/or foreclose any claimed lien upon and/or encumbrance against the Property.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Declaratory Judgment of, and Damages for, Breaches of Warranty Deed – against the Trust)

79.     Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

80.     When the Trust executed the Warranty Deed to Plaintiffs, and by executing it, the

Trust, among other things, as a matter of law (including without limitation under and pursuant to Utah Code Ann. § 57-1-12(2)), expressly covenanted and warranted, among other things, that the Trust was lawfully seised of good and marketable title of and to the Property, that the Trust had the right to and that by the Warranty Deed the Trust in fact did convey and warrant the Property to Plaintiffs, and that the Trust would defend generally the title of the Property in Plaintiffs against all adverse claims and demands (subject only to certain specified interests stated on the face of the Warranty Deed which do not apply to this case).

81.     Plaintiffs have provided, and do again hereby provide, written notice to the Trust of and regarding the claims and potential interests in the Property which are the subject of this case, and has demanded, including in writing, that the Trust release, satisfy, and otherwise discharge the same to provide and ensure the full, free, clear, and marketable title of and to the Property to Plaintiffs as the Trust is legally and statutorily required to do by virtue of the Warranty Deed.

82.     To date, however, the Trust has failed, and/or refused, to comply with the requests and demands as stated in the immediately preceding paragraph.

83.     Plaintiffs have suffered, are continuing to suffer, and otherwise will suffer and are entitled to recover from the Trust, damages as a result of the Trust's breaches of the various covenants and warranties of the Warranty Deed, regarding ownership of and title to the Property, in amounts that will be shown at trial.

84.     Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that by virtue of the foregoing the Trust is in breach of its covenants and warranties of title with respect to the Property contained and implied as a matter of law in and as a part of the Warranty Deed.

18

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief – Restraining Order)

85.     Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

86.     As a matter of express and unequivocal statutory law in Utah, Alum Rock cannot foreclose the Alum Rock Lien against and/or upon any part, portion, and/or interest whatsoever in or to the Property unless and until Alum Rock has established and proven to this Court what portion of the Property previously owned by the Trust was attributable to apparent settlor Brett Del Valle's contribution, if indeed any at all, and unless and until this Court has declared such portion of the Property which is therefore subject to the Alum Rock Lien and to any execution upon and/or foreclosure thereof and/or thereto.

87.     Defendant Alum Rock has stated to Plaintiffs that it intends to enforce its Lien against the Property and intends to proceed with a sale of the Property pursuant to its Writ of Execution.

88.     Defendant Alum Rock has scheduled a Sheriff's Sale of the Property for January 16, 2024 at 12:00 p.m., notwithstanding the Utah Supreme Court expressly having not reached the question in the *Mulligan* decision, of "whether [Co-Trustee Traci Del Valle's] joint ownership of the Property has any effect on [Alum Rock's] judgment lien" and further notwithstanding Alum Rock's failure to establish and prove to this Court what portion of the Property previously owned by the Trust was attributable to apparent settlor Brett Del Valle's contribution, if indeed any at all, and what portion of the Property is therefore subject to the Alum Rock Lien and to any execution upon and/or foreclosure thereof, if indeed any at all.

89.     The *Mulligan* decision further did not reach or consider any legal issues or claims brought by the Mulligans in any action, including not in this action.

90.     Defendant Alum Rock proceeding with any Sheriff's Sale of Plaintiffs' Property pursuant to the Alum Rock Lien and/or the Writ of Execution based thereon, including without limitation any execution upon and/or foreclosure of the Property pursuant to the Alum Rock Lien and/or the Writ of Execution based thereon, including without limitation during the pendency of this action and before Alum Rock has established and proven to this Court what portion of the Property previously owned by the Trust was attributable to apparent settlor Brett Del Valle's contribution, if indeed any at all, and before this Court has so declared such portion of the Property which is therefore subject to execution and/or foreclosure by Alum Rock, if indeed any at all, would result in immediate, great, and irreparable injury and damage to Plaintiffs who have no plain, speedy, or adequate remedy at law to protect their Property unless Defendant Alum Rock is restrained from taking such action.

91.     Defendant Alum Rock proceeding with any Sheriff's Sale of Plaintiffs' Property pursuant to the Alum Rock Lien and/or the Writ of Execution based thereon, including without limitation any execution upon and/or foreclosure of the Property pursuant to the Alum Rock Lien and/or the Writ of Execution based thereon, including without limitation during the pendency of this action and before Plaintiffs' claims have been adjudicated (Plaintiffs' claims and causes of action for declaratory judgment and quiet title, equitable subrogation, equitable subordination, declaratory judgment – no constructive notice, declaratory judgment – bona fide purchasers, and declaratory judgment – breaches of warranty deed), would result in immediate, great, and irreparable injury and damage to Plaintiffs who have no plain, speedy, or adequate remedy at law to protect their Property unless Defendant Alum Rock is restrained from taking such action.

92.     These determinations present serious issues on the merits which should be the subject of further litigation.

93.     Without these determinations Plaintiffs cannot adequately protect their interests.

94.     Without these determinations neither Alum Rock, nor any other potential bidders at any execution and/or foreclosure sale under or relating to Alum Rock's Lien and/or Alum Rock's Writ of Execution can even know whether and/or how much to bid because nobody knows what fractional part, portion, and/or interest in the Property is subject to any execution and/or foreclosure sale, if indeed any at all.

95.     Prior to such determinations, Plaintiffs will suffer irreparable harm and potential loss or damage to their ownership interests in the Property unless Defendant Alum Rock is enjoined from proceeding with any Sheriff's Sale of the Property.

96.     The potential loss or damage to Plaintiffs' ownership interests in their Property outweighs whatever damage maintaining status quo through an injunction may cause Defendant Alum Rock and is not adverse to the public interest.  Indeed, maintaining status quo through injunctive relief is supportive of the public interest and will prevent Alum Rock and/or other potential bidders from bidding and/or paying for an unknowable fractional part, portion, and/or interest in the Property is actually subject to any execution and/or foreclosure sale, if indeed any at all, and/or would prevent chilled and/or artificially low bidding due to such unknown factors.

97.     Defendant Alum Rock proceeding with any enforcement of the Alum Rock Lien against the Property could render a final judgment for Plaintiffs ineffectual in the absence of temporary, preliminary, and permanent injunctive relief.

98.     Plaintiffs are entitled to a temporary restraining order and preliminary injunction during the pendency of this action, and thereafter to a permanent injunction, restraining and

enjoining Defendant Alum Rock from proceeding to any enforcement, execution, and/or

foreclosure upon and/or against the Property pursuant to the Alum Rock Lien, and from

attempting to enforce the Alum Rock Lien against the Property in any way.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1.        Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq*., Rule 57 of the Utah Rules of

Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that:

        a.        Brett Del Valle and Traci M. Del Valle, as apparent settlors of the Trust,

did not contribute the Property, or any portion of the Property to the Trust, and that Alum

Rock's Lien therefore did not attach to any purported contribution interest of Brett Del

Valle in or to the Property (*i.e.*, did not attach at all to the Property); or,

        b.        In the alternative only, if Brett Del Valle and Traci M. Del Valle, as

apparent settlors, did contribute the Property to the Trust, then Alum Rock's Lien only

attached to, encumbers, and/or affects any interest in the portion of the trust attributable

to settlor Brett Del Valle's contribution, if any, and Alum Rock's Lien did not attach to

the portion of the trust attributable to Traci M. Del Valle's contribution (leaving the

Property free and clear of and from, and unaffected by, the Alum Rock Lien to the extent

of Traci M. Del Valle's contribution); and in either event that,

        c.        Alum Rock cannot foreclose the Alum Rock Lien against and/or upon any

part, portion, and/or interest whatsoever in or to the Property unless and until Alum Rock

has established and proven to this Court what portion of the Property previously owned

by the Trust was attributable to Brett Del Valle's contribution, if indeed any at all, and

this Court has declared such portion of the Property which is therefore subject to the

Alum Rock Lien.

2.      Additionally, pursuant to Utah Code Ann. §§ 78B-6-1301, *et. seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to judgment quieting title of the Property in Plaintiffs, either fully free and clear of and from, and unaffected by, any and all estates, rights, titles, and/or interests which may be held and/or claimed by and/or under the Alum Rock Lien; or, in the alternative only, Plaintiffs are entitled to judgment quieting title in that portion of the Property that is unaffected and unencumbered by any contribution interest apparent settlor Brett Del Valle, if any, and that the Alum Rock Lien can only affect and encumber at most, and only, any contribution interest of apparent settlor Brett Del Valle, if any.

3.      Plaintiffs are entitled, pursuant to Utah Code Ann. §§ 78B-6-401 *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, to declaratory judgment that, by virtue of Plaintiffs having paid off the liens and obligations on and against the Property that were prior and superior to the Alum Rock Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, and to which they always were subject and inferior, the Alum Rock Lien and any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, are equitably subordinated to and do not affect Plaintiffs' ownership, Warranty Deed, and other interests, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced prior liens and obligations on and against the Property, in at least the amount of $1,708,583.81.

4.      Plaintiffs are entitled, pursuant to Utah Code Ann. §§ 78B-6-401 *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise to declaratory judgment that Plaintiffs' ownership, Warranty Deed, and other interests in and to the Property should be and are subrogated to the priority positions in, on, and to the Property of all prior liens and obligations, with priority over the Alum Rock Lien, and to any and all other estates, rights, titles, or interests

in the Property held and/or claimed by Defendant Alum Rock, which were paid off with Plaintiffs' purchase proceeds, in at least the amount of $1,708,583.81, including particularly but without limitation to the priority position of the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien, the HOA Lien, and each of them, ahead of and superior to the Alum Rock Lien, and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendant Alum Rock, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced such prior liens and obligations on and against the Property, in at least the amount of $1,708,583.81.

5.      Pursuant to Utah Code Ann. §§ Utah Code Section 57-3-102(4) and (5), 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that Plaintiffs' estates, rights, titles, and interests in and to the Property are free and clear of and from, and are wholly unaffected by, the Alum Rock Lien and any and all other claims of or by Defendant Alum Rock to any estate, right, title, lien, encumbrance, and/or other interest in, on, or to the Property, and that Plaintiffs' interests in and to the Property are wholly unaffected by any attempt of Defendant Alum Rock to execute upon and/or to foreclose any claimed lien upon and/or encumbrance against the Property.

6.      Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that by virtue of the foregoing Plaintiffs are bona fide purchasers of the Property who paid valuable consideration, in good faith, without notice of any adverse claims of Defendant Alum Rock, including without notice of the Alum Rock Lien, and that Plaintiffs' estates, rights, titles, and interests in and to the Property are free and clear of and from, and are wholly unaffected by, the Alum Rock Lien, and any and all other claims by Defendant Alum Rock to any estate, right, title, lien, encumbrance,

and/or other interest in, on, or to the Property, and that Plaintiffs' interests in and to the Property are wholly unaffected by any attempt of Defendant Alum Rock to execute upon and/or to foreclose any claimed lien upon and/or encumbrance against the Property.

7.    Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq*., Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that by virtue of the foregoing the Trust is in breach of its covenants and warranties of title with respect to the Property contained and implied as a matter of law in and as a part of the Warranty Deed.

8.    Plaintiffs are entitled to a temporary restraining order and preliminary injunction during the pendency of this action, and thereafter to a permanent injunction, restraining and enjoining Defendant Alum Rock from proceeding to any enforcement, execution, and/or foreclosure upon and/or against the Property pursuant to the Alum Rock Lien, and from attempting to enforce the Alum Rock Lien against the Property in any way.

9.    For such other and further relief to which Plaintiffs are entitled at law or equity.

DATED December 20, 2024.

 */s/Felicia B Canfield*
Felicia B. Canfield
*Attorneys for Plaintiffs*

25