IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN and JOHN P. MULLIGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company et al.,<br><br>Defendants. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED<br><br>Case No. 1:25CV00008 DAK<br><br>Judge Dale A. Kimball |

On January 23, 2025, Defendant Alum Rock Riverside, LLC, removed this action under 28 U.S.C. § 1446 and DUCivR 81-2. Defendant removed this action from the Utah Second Judicial District Court after that court had orally granted Plaintiffs' Motion for Preliminary Injunction but before the state court had entered either of the proposed orders submitted by the parties.

The removal of this action appears to be untimely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[1] Defendant bears the burden of showing the propriety of removal,[2] and courts exercise a "presumption against removal" and "strictly construe removal statutes and procedural requirements."[3]

---

[1] 28 U.S.C. § 1446(b)(1).

[2] *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996).

[3] *Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1250, 1251 (D. Colo. 2008); *see also* F*ajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

The Tenth Circuit has not adopted the exceptional circumstances doctrine in removal cases to allow for removal beyond the 30-day deadline. Some district courts within the Tenth Circuit have concluded that the Tenth Circuit would not adopt such a doctrine.[4] But other courts have allowed untimely removal in extraordinary cases: For example, a judge in this district found excusable neglect based on misinformation provided to the defendants by the state court clerk.[5] In another case, a judge in this district determined that even though the removal notice was only one day late, the court's discretion to extend the deadline should be used sparingly, and the interests of justice and judicial efficiency supported remand in that case.[6]

In the instant action, Defendant states in its Notice of Removal that it was served on December 21, 2024.[7] Therefore, Defendant was required to remove the action by January 20, 2025. However, because January 20, 2025, was a federal holiday, removal was permitted until January 21, 2025. Because the action was not removed until January 23, 2025, it appears that this case was untimely removed, and Defendant has not sought an extension based on excusable neglect. Accordingly, by February 21, 2025, Defendant must show cause why this case should not be remanded back to Second District Court.

---

[4] *See, e.g., Crouch v. Roberts Enterprises Invs., Inc.*, No. 20-CV-0988 SMV/CG, 2021 WL 371517, at *2 (D.N.M. Feb. 3, 2021) (quoting *Ambler v. CorMedia LLC*, No. 13-2185, 2013 WL 3243497, at *3 (D. Kan. June 26, 2013)); *Martinez v. Draim*, No. 18-CV-1098-JAP-KBM, 2018 WL 6788519, at *3 (D.N.M. Dec. 26, 2018).

[5] *See Wise Co. v. Daily Bread, LLC*, No. 2:11-CV-00868-CW, 2012 WL 681789, at *4 (D. Utah Feb. 29, 2012).

[6] *Salt Lake County v. Purdue Pharma, L.P.*, No. 2:19-cv-626-TC, 2019 WL 13219595, at *1-2 (D. Utah Oct. 9, 2019).

[7] ECF No. 2 at 2.

DATED this 6th day of February 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge