IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN and JOHN P. MULLIGAN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company et al.,<br><br>　　　　Defendants. | ORDER REGARDING PROCEDURES FOR EMERGENCY MOTIONS<br><br>Case No. 1:25CV00008 DAK<br><br>Judge Dale A. Kimball |

On February 13, 2025, Plaintiffs filed a Motion for Preliminary Injunction. To facilitate a prompt resolution of the motion, the court provides the following information regarding its procedures for emergency motions.

**A. Expedited Motions**

The briefing deadlines for a motion filed under Rule 65 of the Federal Rules of Civil Procedure are set forth in DUCivR 7-1(a)(4)(C). If Plaintiffs seek expedited briefing and an expedited hearing on their motion, they must file a Motion to Expedite by **3:00 p.m. on February 19, 2025**.

In the motion, Plaintiffs must state the reasons why the standard briefing deadlines provided in DUCivR 7-1(a)(4)(C) should be shortened, and, if applicable, the motion should identify any date by which the motion must be decided. The motion must also contain: (1) a proposed expedited briefing schedule; (2) a statement as to the type of hearing requested (e.g., evidentiary hearing or oral argument); and (3) an estimate of the amount of time necessary for the hearing. The court will not schedule an expedited hearing until the party has complied with these instructions.  Counsel need *not* provide a proposed order with this motion.

If Defendant opposes expediting the motion, it should send a short email to all counsel and to chambers by **3:00 p.m. on February 20, 2025**.[1] The email need only state that the motion will be opposed. The opposition memorandum must then be filed by **3:00 p.m. on February 21, 2025**. The court will rule on the Motion to Expedite by **5:00 p.m. on February 21, 2025**. If Defendant does not send a timely email indicating that it will oppose the motion, the court will rule on the Motion to Expedite on February 20, 2025.

**C. Non-Expedited Motions for a Preliminary Injunction**

If Plaintiffs does not seek to expedite the motion, briefing will proceed pursuant to DUCivR 7-1(a)(4)(C). The court will set a hearing for a date as soon as practicable after the deadline for the reply memorandum.

For scheduling purposes, Plaintiffs must inform opposing counsel and Judge Kimball's chambers by email no later than **February 24, 2025**, as to (1) whether they seek an evidentiary hearing or only oral argument; (2) the number of witnesses they intend to call (either for direct examination or for cross-examination if the direct testimony is submitted by declaration, as discussed below); and (3) the length of time they believe is necessary for the hearing.

Defendant must then respond to the email by **February 25, 2025**, stating (1) the number of witnesses it intends it to call (either for direct examination or for cross-examination if the direct testimony is submitted by declaration, as discussed below); and (3) the length of time it believes is necessary for the hearing.

**D. Witness Testimony**

Generally, the most efficient procedure with regard to witness testimony in support of a motion for a preliminary injunction is to submit direct witness testimony in the form of a declaration that is attached to the briefing of the motion. If the opposing party seeks to cross-examine that witness, the

---

[1] Judge Kimball's chambers email address is utdecf_kimball@utd.uscourts.gov.

witness should be present and available to testify at the hearing. The court understands, however, that each motion for preliminary injunction is unique, and the parties should communicate with each other and with the court regarding the most efficient approach for providing witness testimony in their given case.

**E.  Proposed Orders**

Plaintiffs are directed to file a proposed Preliminary Injunction that complies with Rule 65(d) of the Federal Rules of Civil Procedure and states the reasons for issuance of the order, its specific terms, a description of the act or acts restrained or required, and the persons bound by the order. They should file the proposed order no later than the day before the hearing on the motion. In addition to filing the proposed order, they should also email the proposed order in Word format to all counsel and to Judge Kimball's chambers.

**F.  Other**

On February 6, 2025, the court issued an Order to Show Cause ("OSC") why this action should not be remanded to state court. Defendant's response to the OSC is due on **February 21, 2025**. The court will decide the remand issue prior to deciding the Motion for Preliminary Injunction. Although it is not required, if Plaintiffs wish to reply to Defendant's response to the OSC, they should send a short email to all counsel and to Judge Kimball's chambers by **12:00 noon on February 24, 2025,** stating that they intend to file a reply memorandum. The reply memorandum must then be filed by **February 25, 2025**. The court will then decide the remand issue as soon as practicable.

DATED this 18th day of February 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge