Benjamin D. Johnson (10275)
KC Hooker (18018)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Email: ben.johnson@btjd.com;
kchooker@btjd.com
*Attorneys for Defendant Alum Rock Riverside, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN; and JOHN P. MULLIGAN,<br><br>    Plaintiffs,<br><br>v.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company; BRETT H. DEL VALLE and TRACI M. DEL VALLE as Co-Trustees of the Del Valle Family Trust dated October 30, 2002,<br><br>    Defendants. | **RESPONSE TO ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**<br><br>Case No. 1:25-cv-00008-DAK<br><br>Judge Dale A. Kimball |

The Court has ordered Defendant Alum Rock Riverside, LLC ("***Alum Rock***") to "show cause why this case should not be remanded back to Second District Court." *See* ECF 7. The basis for the Court's request is its concern that Alum Rock filed its notice of removal outside the 30-day deadline established in 28 U.S.C. § 1446(b)(1). The Court should not remand this case because Alum Rock was served on January 21, 2025, and it filed its notice of removal two days after, on January 23, 2025.

## **STATEMENT OF FACTS**

Because the parties litigated Plaintiffs Molly J. Mulligan and John P. Mulligan's (the "***Mulligans***") Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction before Alum Rock filed its notice of removal, Alum Rock sets forth a brief summary of the procedural history of the case:

1. The Mulligans filed their complaint in Utah's Second Judicial District Court on December 20, 2024. *See* Exhibit 2 to Notice of Removal, ECF 2 at 37.

2. The Mulligans filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction on December 23, 2024 (the day before Christmas Eve). *See* Exhibit 4 to Notice of Removal, ECF 2 at 90.

3. On December 26, 2024, Alum Rock filed a notice of appearance in the case. At that point, the Mulligans had not served Alum Rock with a copy of the summons and complaint. *See* Exhibit 4 to Notice of Removal, ECF 2 at 230-232.

4. The Second District Court held a hearing on the Mulligans' ex parte motion on January 14, 2025. *See* Exhibit 4 to Notice of Removal, ECF 2 at 304.

5. The Mulligans formally served Alum Rock a copy of the complaint on January 21, 2025. *See* Notice of Removal, ECF 2 at ¶ 6, (stating that "Alum Rock was served a copy of the state court complaint on January 21, 2025."); *see also* Service Email, attached as **Exhibit 1**;[1] Summons, attached as **Exhibit 2**.

---

[1] The Mulligans have not filed a return of service for the complaint, so Alum Rock can only prove the date of service by disclosing written attorney/client communication. By making this limited disclosure, Alum Rock is not waiving the attorney/client privilege as to any communications not contained in Exhibit 1.

2

6. Alum Rock filed the notice of removal two days later, on January 23, 2025.

## ARGUMENT

28 U.S.C. § 1446(b)(1) sets forth the deadline for removing a case from state court to federal court:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The 30-day deadline begins when the defendant is formally served a copy of the summons and complaint, not when the defendant receives actual notice of the state court action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *see also* Federal Practice and Procedure (Wright and Miller) § 3731 (Rev. 4th ed.) ("Thus, informal service of the complaint is not enough to trigger the removal period, and state law governing formal service of process now must be followed to protect defendants' interests.").

Though Alum Rock had actual notice of the complaint when it filed its notice of appearance on December 26, 2024, the Mulligans did not serve the summons and complaint under Rule 4 of the Utah Rules of Civil Procedure until January 21, 2025. Alum Rock filed its notice of removal two days later on January 23, 2025—well within the 30-day deadline. Accordingly, the notice of removal was timely, and the case should not be remanded.[2]

---

[2] Even if the Court disagrees that formal service of process is required to trigger the 30-day removal deadline, the notice of removal was still timely. This is so because (1) Alum Rock entered an appearance on December 26, 2024 and (2) filed a notice of removal 27 days later on January 23, 2025.

3

DATED this 20th day of February, 2025.

            BENNETT TUELLER JOHNSON & DEERE

            /s/ *KC Hooker*
            Benjamin D. Johnson
            KC Hooker
            *Attorneys for Defendant Alum Rock Riverside, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2025, I caused a true and correct copy of the foregoing **RESPONSE TO ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED** to be electronically filed with the Court ECF system which served notification upon counsel of record as follows:

Bradley L. Tilt
FREEMAN LOVELL, PLLC
4568 South Highland Drive, Suite 290
Salt Lake City, UT 84117
bradley.tilt@freemanlovell.com

Felicia B. Canfield
CANFIELD LAW LLC
2413 Newton Ave
Cody, WY 82414
canfieldlawllc@gmail.com

*/s/ Angelica Torres*