Bradley L. Tilt (Utah Bar No. 07649)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
office: 385-355-4826
bradley.tilt@freemanlovell.com
*Attorneys for Plaintiffs*

Felicia B. Canfield (Utah Bar No. 09686)
CANFIELD LAW LLC
2413 Newton Avenue
Cody, WY 82414
Office: (307) 228-5986
canfieldlawllc@gmail.com
*Attorneys for Plaintiffs*

**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| MOLLY J. MULLIGAN; and<br>JOHN P. MULLIGAN,<br><br>    Plaintiffs<br><br>  v.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company; Brett H. Del Valle and Traci M. Del Valle as Co-Trustees of the Del Valle Family Trust dated October 30, 2002<br><br>    Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 1:25-cv-00008-DA<br><br>District Judge: Dale A. Kimball |

Under Fed. R. Civ. P 26(f), the Local Rules of Practice, and the *Order to Propose Schedule* entered in this action on January 27, 2025, within 14 days of Defendants' receipt of this draft *Attorney Planning Meeting Report*, the parties must confer in a Fed. R. Civ. P. 26(f)

1

planning conference and develop a proposed discovery plan addressing the areas that follow.

Plaintiffs therefore propose the following:

1. **PRELIMINARY MATTERS**

| a. | | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)* | |
|---|---|---|---|
| | | Plaintiffs Molly J. Mulligan and John P. Mulligan ("Plaintiffs"), homeowners of the subject property, brought claims against defendants for declaratory judgment and quiet title, equitable subordination, equitable subrogation, declaratory judgment that Plaintiffs had no constructive notice of Defendant Alum Rock Riverside, LLC's ("Alum Rock") judgment lien, declaratory judgment that Plaintiffs are bona fide purchasers of the subject property, declaratory judgment and damages for breaches of warranty deed against Defendants Brett H. Del Valle and Traci M. Del Valle as Co-Trustees of the Del Valle Family Trust dated October 30, 2002 (the "Trust"), and injunctive relief and a restraining order as against Alum Rock's efforts to foreclose its judgment lien absent a ruling on the above claims and on the effect on Alum Rock's lien of any contribution interest of individual Brett H. Del Valle of the subject property to the Trust, if any.

Defenses to be raised by Defendants (Alum Rock entered its appearance on December 26, 2024 but has not yet filed any answer) Claims and defenses are to be determined but include that Alum Rock Riverside, LLC has a valid judgment lien against the subject property and that the claims of the Mulligans have already been litigated, are barred by the doctrine of res judicata, are an impermissible collateral attack on a final judgment entered in another litigation, or barred by the doctrine of comity. | |
| b. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 02/18/25 |
| c. | | Participants: *(include the name of the party and attorney, if applicable)*

Plaintiffs, represented by:
Bradly L. Tilt
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
Telephone: 385-355-4826
bradley.tilt@freemanlovell.com | |

2

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | Defendant Alum Rock, represented by:<br>Benjamin D. Johnson<br>KC Hooker<br>BENNETT TUELLER JOHNSON & DEERE<br>3165 East Millrock Drive, Suite 500<br>Salt Lake City, UT 84121<br>Telephone: (801) 438-2000<br>ben.johnson@btjd.com<br>kchooker@btjd.com |   |   |
| d. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | *03/18/25* |   |
| e. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

**2. PROTECTIVE ORDER**

|   |   |   |   |
|---|---|---|---|
| a. | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☐ | No ☒ |
| b. | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)* |||
| c. | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this |||

3

|  |  |  |
|---|---|---|
|  |  | process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* |
| d. |  | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)* |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. |  | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. |  | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>All claims, allegations, defenses and affirmative defenses of the parties' pleadings. | | |
| c. |  | Discovery Phases:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>Discovery will not be discovered in phases nor will it be focused on or limited to specific issues.<br><br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>Discovery will not be discovered in phases nor will it be focused on or limited to specific issues. | | |

|   |   |   |   |
|---|---|---|---|
| d. |   | <u>Electronically Stored Information</u>: (describe how the parties will handle discovery of electronically stored information)<br><br>Parties will exchange PDF documents and/or shared Drobpox folder links |   |

4. **FACT DISCOVERY**

| a. | Fact Discovery Limitations— | | |
|---|---|---|---|
|   | 1. | Maximum number of depositions by Plaintiff: | *<u>10</u>* |
|   | 2. | Maximum number of depositions by Defendant: | *<u>10</u>* |
|   | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 |
|   | 4. | Maximum interrogatories by any party to any party: | *<u>30</u>* |
|   | 5. | Maximum requests for admissions by any party to any party: | 30 |
|   | 6. | Maximum requests for production by any party to any party: | 30 |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— | | |
|   | 1. | Deadline to serve written discovery: | *<u>10/10/25</u>* |
|   | 2. | Deadline for fact discovery to close: | *<u>12/10/25</u>* |
|   | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | *9/10/25* |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**

| a. | Deadline to file a motion to amend pleadings— | | |
|---|---|---|---|
|   | 1. | Plaintiffs: | *<u>08/10/25</u>* |
|   | 2. | Defendants: | *<u>08/10/25</u>* |
|   |   |   |   |
| b. | Deadline to file a motion to join additional parties— | | |
|   | 1. | Plaintiffs: | *<u>08/10/25</u>* |
|   | 2. | Defendants: | *<u>08/10/25</u>* |

6. **EXPERT DISCOVERY**

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|
|   | 1. | Parties bearing the burden of proof: | *<u>2/10/26</u>* |
|   | 2. | Parties not bearing the burden of proof: | *<u>2/10/26</u>* |
|   |   |   |   |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
|   | 1. | Parties bearing the burden of proof: | *03/30/26* |
|   | 2. | Parties not bearing the burden of proof: | *03/30/26* |
|   | 3. | Rebuttal reports, if any: | *<u>05/20/26</u>* |

|     |     |     |     |
| --- | --- | --- | --- |
| c.  | Deadline for expert discovery to close: |  | *06/20/26* |
|     |     |     |     |

**7. OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

|     |     |     |     |     |
| --- | --- | --- | --- | --- |
| a.  | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* |     |     | *08/20/26* |
| b.  | Trial: |     | Bench ☐ | Jury ☒ |
| c.  | Trial days: |     |     | *3 days* |

    /s/ *Bradley L. Tilt*                                      Date: 02/19/25
Bradley L. Tilt, Counsel for Plaintiffs
Molly J. Mulligan and John P. Mulligan
    *signed electronically with permission*


    /s/ *Felicia B. Canfield*                               Date: 02/19/25
Felicia B. Canfield, Co-Counsel for Plaintiffs
Molly J. Mulligan and John P. Mulligan


    /s/ *Benjamin Johnson*                               Date: 02/20/25
Benjamin Johnson, Counsel for Defendant
Alum Rock Riverside, LLC
    *signed electronically with permission*