# EXHIBIT 8
# (Supplemental Brief)

Bradley L. Tilt (Utah Bar No. 07649)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
Office: (385) 355-4826
bradley.tilt@freemanlovell.com
*Attorney for Plaintiffs*

**IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| ALUM ROCK RIVERSIDE LLC,<br><br>Plaintiff<br><br>v.<br><br>PRP INVESTORS MADISON, LLC, a California limited liability company, and BRETT DEL VALLE, an individual, and DOES 1 through 50 inclusive,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MULLIGANS' REPLY AND REQUEST FOR HEARING**<br><br>Civil No. 206927043<br><br>Judge Adam Mow |

Molly J. Mulligan and John P. Mulligan (collectively the "**Mulligans**") respectfully submit this reply memorandum in support of their *Reply and Request for Hearing*, dated July 7, 2021 (the "**Reply**")[1].

**CONCISE STATEMENT REGARDING
NEW MATTERS RAISED IN OPPOSITION TO MULLIGANS' REPLY**

Plaintiff filed its *Opposition to Mulligans' Reply and Request for Hearing* (the "**Opposition**") on the basis that the claimed $4.5 million dollar California judgment it filed with this Court (the "**Judgment**") constitutes and is a valid lien on the Mulligans' Property, even

---
[1] The Mulligans incorporate by reference herein the definitions set forth in their Reply and Request for Hearing.

1

though Plaintiff failed to comply with the statutory requirements for creating any lien.  It further argues that the issued Writ is valid for execution on the Mulligans' Property, notwithstanding Plaintiff's failure to acquire a judgment lien in the first instance, or that the Third Judicial District Court does not have *in rem* jurisdiction over property located in the Fourth Judicial District.

Plaintiff bases its statutory arguments on a tortured and incoherent reading of Utah's Foreign Judgments Act and the Judgment Lien Statute (collectively the "**Statutes**"), by referencing related sections divorced from the consistent meaning of other provisions of each Statute and both Statutes together.  The reading of related statutes and neighboring subparts as part of a whole is required by the "canon of consistent meaning" as adopted by the Utah Supreme Court.

Finally, Plaintiff erroneously asserts that this Court has jurisdiction to issue the Writ pursuant to Utah R. Civ. P. 64(d)(1).  But Plaintiff's shallow reading of Rule 64(d)(1) erroneously assumes that if a court clerk must issue the writ in the county where the real property is located, then it follows that the same court clerk could issue a writ in a county located in a different judicial district court.  Plaintiff is wrong.  Its specious argument presupposes that a Utah judicial district court has *in rem* jurisdiction to enforce a money judgment in a county located in a *different* judicial district.  Indeed, judicial district court judges preside over a number of counties within in their own judicial district but that does not mean a judge from one judicial district can enforce a money judgment on property located in a county in *another* judicial district.

All of Plaintiff's arguments fail as a matter of law, and Plaintiff does not have a lien on the Mulligans' Property.

2

## RESPONSES TO PLAINTIFF'S
## STATEMENT OF RELEVANT FACTS

The so-called "Statement of Relevant Facts" section in Plaintiff's Opposition ("**Plaintiff's Fact Statement**") is flawed because it is replete with legal conclusions, not facts, such as it "domesticated" and "created a lien" on the Mulligans' Property. The Mulligans' therefore object to any and all of Plaintiff's asserted facts to the extent they raise/are actually legal issues before this Court. Based Plaintiff's Fact Statement and Exhibits, the following facts are relevant for this Reply to the Opposition filed by Plaintiff.[2]

1. A California court entered a money judgment in favor of Plaintiff on March 18, 2020 in the total amount of $4,338,964.45 (the "**California Judgment**")[3]. *See* Ex. 1 Opposition.

2. Plaintiff filed a "Notice of Judgment" for the California Judgment on October 13, 2020 in Utah's Third Judicial District Court, Salt Lake County (the "**Claimed Judgment**"). *See* Ex. 2 Opposition.

3. On November 16, 2020, Plaintiff recorded the Notice of Judgment and Information Statement in Weber County. *Id.*

4. On May 11, 2021, the Trust conveyed the Property located in Weber County to the Mulligans'. *See* Ex. 5 Opposition.

5. On June 22, 2021 Plaintiff submitted its Application for and Writ of Execution to the Third Judicial District Court, Salt Lake County, which was entered the same day (the "**Claimed Writ**").

---

[2] The Mulligans further incorporate by reference herein each of the facts set forth in its Reply and Request for Hearing.
[3] Plaintiff claims in its Opposition the California Judgment is "nearly $4.5 million dollar[s]".

3

# ARGUMENT

Plaintiff is not entitled to the request it seeks, and the Claimed Judgment and Claimed Writ should each be set aside. Plaintiff ignored the interplay between the Utah Foreign Judgment Act and the Judgment Lien Statute and failed to comply with their requirements. Furthermore, Plaintiff also failed to file and register the California Judgment in the Fourth Judicial District Court, which has the requisite *in rem* jurisdiction for the purpose of enforcing a money judgment. In short, Plaintiff did not create any lien on the Mulligans' Property.

## I. THE CLAIMED JUDGMENT NEVER ATTACHED TO THE PROPERTY AND DID NOT CREATE ANY LIEN BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE MANDATORY STATUTORY REQUIREMENTS

### A. Plaintiff's Interpretation of Utah's Foreign Judgment Act and the Judgment Lien Statute is Incorrect, Disjointed, and Creates an Absurd Result

It is well known that liens are creatures of statute and that compliance with the relevant statute(s) is mandatory to create a lien. Judgment creditors know this. Plaintiff knows this. Yet contrary to the statutory requirements of §78B-5-201(2)(stating that a judgment "*does not create a lien…unless the judgment is filed in the Registry of Judgments of the office of the clerk of the district court of the county in which the property is located*"), Plaintiff admittedly did not file the Claimed Judgment in <u>any</u> Registry of Judgments and therefore failed to create a lien.

Plaintiff attempts to parse, pick, and choose, in Utah's Judicial Code Chapter 5 Foreign Judgment Act and the Judgment Lien Statute to justify why it did not comply with the requirements of each. It claims that pursuant §78B-5-305 ("Lien") of the Foreign Judgment Act, it only needs to enter a foreign judgment in a district court and record it in the county recorder where the property is located to create a lien, and that because the Act does not refer to "Registry

4

of Judgments", like §78B-5-201 of the Judgment Lien Statute does, such filing simply isn't required of them.

But Plaintiff relies solely on §78B-5-305 of the Foreign Judgment Act and its reference to compliance with the provisions of §78B-5-202, in the Judgment Lien Statute, while utterly ignoring a prior subjection of the Act, §78B-5-302(3) ("Definition – Filing and Status of Foreign Judgments"), which unequivocally states that "*[a] foreign judgment filed under this part has the same effect <u>and is subject to the same procedures, defenses, enforcement, satisfaction, and proceedings for reopening, vacating, setting aside, or staying as a judgment of a district court of this state</u>*" (emphasis added).

Thus, under its plain language, the Foreign Judgment Act expressly mandates that <u>in addition</u> to recording a foreign judgment with a county recorder as set forth in its subsection -305, *and as a preliminary matter*, a foreign judgment is subject to Utah's statutory requirements for creating a lien in the first instance under subsection -302, *i.e.,* by way of the Judgment Lien Statute[4]. Utah courts have held this is so. *See e.g., Osborne v. Osborne*, 2011 UT App 150, ¶3 (explaining that pursuant to §78B-5-302 a foreign judgment is bound by the statutory provisions relating to the enforcement of a Utah judgment)(*citing Bankler v. Bankler*, 963 P.2d 797, 799-

---

[4] Plaintiff's own actions contradict its claimed position that it need only comply with Sections 78B-3-305 and 78B-5-202 pursuant to the Foreign Judgment Act to create a lien, because it did, in some respects, also comply with the Judgment Lien Statute by including with the Claimed Judgment an Information Statement as required by §78B-5-201(4). On the one hand Plaintiff argues that Section 78B-5-202 only requires recording and information identifying the judgment debtor, but on the other hand it asserts that it does not need to file its Claimed Judgment in the Registry of Judgments because that requirement is set forth in Section 78B-5-201 not -202. Opposition, p.6. This conclusion results from a disjointed reading of the Statutes and their subparts. *See e.g., Irving Place Associates v. 628 Park Avenue, LLC*, 2015 UT 91a at ¶21 ("[t]he canon of consistent meaning is at its strongest when it is applied to a term used in neighboring subparts of the same statutory provision"), further discussed below.

5

801 (Utah Ct. App 1998)( "[o]nce a foreign judgment is filed, it is 'subject to the same procedures to attack or enforce as a Utah judgment'").

It makes no sense that a judgment creditor seeking to create a lien in Utah by way of a <u>foreign</u> judgment has <u>fewer</u> steps and hurdles to create the lien than a judgment creditor seeking to enforce and create a lien pursuant to a <u>Utah</u> judgment. Plaintiff's isolated interpretation of the Utah Foreign Judgment Act creates an absurd result and dooms its Claimed Lien. *Utley v. Mill Man Steel, Inc.*, 2015 UT 75, ¶37, 357 P.3d 992 ("we do not interpret the terms of statutory provisions in isolation. We read them in context. The relevant context, moreover, must include an understanding of the structure and purpose of the statute."); *Id.*, ¶46 (requiring construction of statute "that avoids absurd consequences"). Plaintiff must <u>also</u> comply with each of the provisions of the Utah Judgment Lien Statute, which it admittedly did not do. Plaintiff therefore failed to create a lien merely by recording the Claimed Judgment in the Weber County recorder's office.

      B. <u>Plaintiff's Reliance on *Kitches* to Justify its Interpretation of Utah's Foreign Judgment Act and the Judgment Lien Statute is Misplaced and Unavailing</u>

Plaintiff relies on *Kitches & Zorn, L.L.C. v. Yong Woo Kim*, 112 P.3d 1210 (Utah Ct. App. 2005) to support its disjointed argument that filing its Claimed Judgment in the Registry of Judgments was not required. But *Kitches* at best is distinguishable and at worst was wrongly decided.

The *Kitches* court considered the issue of whether a March 17, 2003 judgment that plaintiffs had recorded created a lien on the debtor's real property, and whether its lien had priority over the debtor's conveyance of the subject property to his wife two months later on May 12, 2003. Applying an earlier version of Utah's Judgment Lien Statute, the *Kitches* court

6

held that Sections 78-22-1 and 78-22-1.5 should be read in the disjunctive, such that the plaintiff need only file its judgment in the county recorder's office to create a lien on the debtor's real property which, therefore, had priority over the May 12, 2003 deed.

The debtor had argued "that subsections (2) and (3) of §78-22-1.5 should be read together, thereby creating a two-step process for establishing a lien on real property after July 1, 2002". *Id.* at ¶ 12. The *Kitches* court disagreed and focused its analysis on the language in Section 78-22-1 ("a judgment 'becomes a lien upon real property' if it is recorded in the office of the county recorder") and various subsections of Section 78-22-1.5 that include additional requirements for recording with the judgment with debtor information and methods of recording, "in the disjunctive". *Id.* In support of its logic the *Kitches* court pointed out that "Section 78-22-1.5(4) provides that 'any judgment that is filed in the Registry of Judgments on or after September 1, 1998, *or* any judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall include' particular additional information" (emphasis original). Had the legislature intended the two subsections to be read together, the *Kitches* court said, "[the legislature] could have used the word "and" instead of "or". *Id.* at ¶ 13.

The problem with this logic, and the *Kitches* decision, is that it violates the requirements of the current Judgment Lien Statute wherein Sections 78B-5-201*et seq.* enumerates in its subsections a number of requirements that a judgment creditor must follow to create a judgment lien (including, for example, the requirement to file its judgment in the Registry of Judgments as set forth in subsection -201(2)). Further, a judgment creditor is required to comply with <u>all</u> of the subsection requirements in Section 75B-5-201, not just the ones it <u>wants</u> to. *See e.g., T3 Properties, LLC v. Persimmon Inves., Inc.*, 2013 UT App 38 (judgment creditor failed to comply

7

with the statutory requirements under both Sections 78-22-1 and -1.5 (current versions are Sections 78B-5-202 and -201); the judgment therefore never became a lien on the Property).

Additionally, contrary to Plaintiff's assertion, compliance with some or all of the provisions of Section 78B-5-202 does not mean that a judgment creditor does not have to also comply with the requirements set forth in neighboring subsection Section 78B-5-201. Dissecting the statute in this way would frustrate the purposes of the Judgment Lien Statute as a whole.

The Utah Supreme Court case of *Irving Place Assoc.*, cited in footnote 4 above, is instructive and dispositive. In that case, the court considered the interplay between creating a lien pursuant to Section 78B-5-201(4)(recording the judgment with the debtor's information in the county recorder's office) or 78B-5-201(5)(recording a separate information statement). At issue in particular, was whether the judgment needed to be a final judgment to create a lien (it does under Section 78B-5-202(7)) and whether the judgment creditor provided the debtor information required by Section 78B-5-202(7)(a)(i) (it didn't). The *Irving* court found the relevant statutory provisions ambiguous because Section 78B-5-201(4) does not specify a "final" judgment[5]. But after further analysis of a number of relevant statutory provisions that expressly or impliedly referenced "final judgments" in their application, it held that "*the canon of consistent meaning tells us that the 'judgment[s]' subject to a lien under a neighboring statute – section 202(7) – are also the final kind.*"[6] *Id.* at ¶21.

---

[5] The Mulligans maintain that the statutory provisions at issue in this case are not ambiguous. Plaintiff's selective reading of them, by contrast, would create ambiguity for judgment creditors and debtors alike.

[6] For example, the *Irving* court stated that a "closely proximate subsection" of the lien provisions at issue, Section 78B-5-202(1), imposes an eight-year limitation on judgments, which can only mean final judgments. *Id.* at ¶20.

Applying the lengthy statutory analysis and guidance set forth in *Irving*, there can only be one result: Sections 78B-5-201, 202, and their subparts, and the Judgment Lien Statute as a whole, must all be interpreted together as a whole, cohesively, and in harmony, resulting in the failure of Plaintiff to create a judgment lien on the Mulligans' Property.

### II. THIS COURT DOES NOT HAVE *IN REM* JURISDICTION TO ISSUE THE WRIT OR OTHERWISE ENFORCE THE CLAIMED JUDGMENT TO BE EXECUTED IN A COUNTY OUTSIDE OF ITS JUDICIAL DISTRICT

Plaintiff was statutorily required to file its Claimed Judgment in the Registry of Judgments with the Fourth Judicial District Court in Weber County because the Property at issue is located in Weber County.[7] Section 78B-5-201(2) expressly provides that:

> On or after July 1, 1997, a judgment entered in a district court does not create a lien upon or affect title to real property unless the judgment is filed <u>in the Registry of Judgments in the office of the clerk</u> **of the district court of the county in which the property is located**.

(Emphasis added). Instead, Plaintiff filed its Claimed Judgment in the Third Judicial District Court in Salt Lake County on October 13, 2020, in violation of the above provision and established case law. Because this action is *in rem* – solely to execute a money judgment and create a lien or interest in real property – jurisdiction to do so can only lie with the Fourth Judicial District Court.

The Utah Supreme Court in *Calder v. Third Jud. Dist. Ct. In & For Salt Lake Cnty*, 2 Utah 2nd 309, 314-315, 273 P.2d 168, 171-172 (1954), explained it like this:

---

[7] The Mulligans do not concede the issue raised in their Reply and Request for Hearing – that the Claimed Judgment was against debtor Brett Del Valle, an individual, and other debtors, none of whom ever owned the Property.

9

> [I]f the main question in action involves title to real property, it is a local action and must be brought within the county where the land is situated, but this is not so where the question of title <u>or interest in real property</u> is only <u>incidental</u> to the main controversy.

(Emphasis added) (holding that because the plaintiff sought recission of a contract and not a determination of an interest in real property, the district court did not err in refusing to grant a change of venue on that ground)(citing numerous cases in which courts distinguished between a "transitory action" involving, for example, recission of a contract for sale, fraud that vitiates the contract, or other such allegations, that could be brought in a district court where the alleged actions occurred, versus a "local action", or *in rem* jurisdiction, involving an interest in real property which must be brought within the county where the land is situated). *See e.g., Sherman v. Droubay*, 27 Utah 47, 74 P. 348, 350 (1903)("…the action at bar should have been commenced, as the statute directed, in the county of Tooele, where the real property securing the debt was situate") (citing *Fields v. Daisy Min. Co.*, 26 Utah, 373, 73 Pac. 521); *see also Ashton-Jenkins Co. v. Bramel*, 56 Utah 587, 192 P. 375, 377-378 (citing a similar Minnesota case for the proposition that "[I]t is now the settled doctrine of this court that the district courts of this state may be clothed with full power to inquire into and conclusively adjudicate the state of the title of all land <u>within their respective jurisdictions</u>" (emphasis added)).

While the statutes and cases make clear that *in rem*, or "local action", jurisdiction belongs in the county where the judgment debtor's property is located, a judgment debtor's failure to object waives any jurisdictional challenge. *See Snyder v. Pike*, 30 Utah 102, 83 P. 692, 693-94 (1905)(a defendant failing challenge the jurisdiction of the court on the ground that the suit was not brought in the property county, waives the objection)(distinguishing *Fields v. Daisy* and others on the grounds that plaintiff did not object to jurisdiction of the Forth Judicial District

Court when it entered a decree directing a sale of the mortgaged premises for the payment of the indebtedness to the Sheriff of Emery County, where the property was located).

In the instant case the Mulligans have, and do, object the lack of jurisdiction of this Third Judicial District Court over property located in the Fourth Judicial District; Mulligans have, and do, object to the entry of the Claimed Judgment and issuance of the Claimed Writ by the Third Judicial District Court. Furthermore, this Court is authorized to set aside the Claimed Writ pursuant to Utah Rule of Civil Procedure 54(b) the Mulligans request that it do so. *See Jordan Construction, Inc. v. Federal National Mortgage Association*, 2017 UT 28, ¶¶27-38.

## CONCLUSION

Plaintiff is a judgment creditor, and as such, it is Plaintiff's responsibility to diligently protect its interests by complying with the statutes that allow the creation of a lien on real property. Plaintiff failed to do so. Plaintiff's failure should not, and cannot, be foisted on the Mulligans. Plaintiff cannot pick and choose which subsections of the Statutes to follow or ignore depending on the result it wants. It's analysis and arguments are wholly ineffective to breathe life into the Claimed Judgment lien that was never created and never attached to the Mulligans' Property. Furthermore, Plaintiff failed to file its Claimed Judgment and Writ Application in the correct judicial district court; another reason Plaintiff failed to create a lien on the Property.

For all of the foregoing reasons the Mulligans respectfully request this court to set aside the Claimed Judgment and Claimed Writ, finding that Plaintiff does not have a lien on the Mulligans' Property. The Mulligans also request a hearing to present oral argument on its Reply and Request for Hearing.

11

DATED September 30, 2022

FREEMAN LOVELL, PLLC

*/s/ Bradley L. Tilt*
Bradley L. Tilt
*Attorneys for Molly J. Mulligan
and John P. Muligan*

### SERVICE CERTIFICATE

I certify that on September 30, 2022, I caused true and correct copies of this **REPLY MEMORANDUM IN SUPPORT OF MULLIGANS' REPLY AND REQUEST FOR HEARING** to be served in the manner indicated below to the following-listed parties at their respective addresses listed below:

| Benjamin D. Johnson<br>Bennett Tueller Johnson & Deere<br>3165 East Millrock Drive, Suite 500<br>Salt Lake City, Utah 84121<br>ben.johnson@btjd.com<br>*Attorneys for Plaintiff* | _____Hand Delivery<br>_____First Class, United States Mail, Postage Prepaid<br>\_\_X\_\_E-filing via GreenFiling<br>_____E-filing via CM/ECF<br>_____Email<br>_____Other:_____ |
|---|---|

*/s/ Bradley L. Tilt*
*Bradley L. Tilt*

12