5

Order No.

WHEN RECORDED MAIL TO:

Emerald Bay Capital Inc.
1200 Estelle Lane
Newport Beach, CA 92660

APN: 20-119-0007

```
*W3066407*

E# 3066407 PG 1 OF 10
LEANN H KILTS, WEBER COUNTY RECORDER
06-JUL-20 352 PM FEE $40.00 DEP PV
REC FOR: BRETT DEVALLE
```

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST WITH ASSIGNMENT OF RENTS, made effective as of Brett H. Del Valle (Trustee) and Traci M. Del Valle (Trustee) for the Del Valle Family Trust dated October 30, 2002 whose address is 417 29th Street, Newport Beach, CA 92663, is between TSS Enterprises Inc., a California Corporation, herein called TRUSTOR, whose address is *1200 Estelle Lane, Newport Beach, CA 92660*, *ORANGE COAST TITLE COMPANY*, herein called TRUSTEE; and , herein called BENEFICIARY, whose address is

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property located in the County of Weber, State of Utah, described as:

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY THIS REFERENCE**

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits, for the purpose of securing (1) that certain Secured Promissory Note dated April 1, 2008, made by Trustor, as Maker, in favor of Beneficiary, as Holder; (2) the performance of each agreement of Trustor incorporated by reference or contained herein; and (3) the payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or its successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A.  To protect the security of this Deed of Trust, Trustor agrees:

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  If improvements are constructed on said property, to provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured

1

STATE OF UTAH
COUNTY OF WEBER } SS.

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL ON FILE IN MY OFFICE.

DATED THIS 19 DAY OF Feb 20 25

CLERK OF THE COURT
BY Markeeta Hesley  DEPUTY

and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.  It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall

2

be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorneys' fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

(8)  That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the obligations secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(9)  That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(10) If there is more than one Trustor, the liability of the Trustors will be joint and several, and the reference to "Trustor" shall be deemed to refer to each Trustor and to all Trustors. The rights, options, powers and remedies granted in this Deed of Trust shall extend to the Beneficiary and to its successors and assigns, shall be binding upon the Trustor and its successors and assigns, and shall be applicable hereto and to all renewals, amendments and/or extensions hereof.

The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor:

By: _____
Name: Brett Del Valle
Title: _____

4

## CALIFORNIA ALL PURPOSE ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
)
County of **ORANGE** )

On **MAY 8th, 2019** before me, **CHAVON KANE**, Notary Public, personally appeared **BRETT DELVALLE** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Chavon Kane_

CHAVON KANE
COMM...2213310
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. October 5, 2021

(Seal)

5

**DO NOT RECORD**

### REQUEST FOR FULL RECONVEYANCE

TO ORANGE COAST TITLE COMPANY, TRUSTEE:

    The undersigned is the legal owner and holder of the obligations secured hereby, and of all other indebtedness secured by the foregoing Deed of Trust. Said obligations secured hereby, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said obligations secured hereby, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

    Dated_____

                                                         _____

                                                        _____

Please mail Deed of Trust

and Reconveyance to _____

**Do not lose or destroy this Deed of Trust.**

6

E# 3066407 PG 7 OF 10

## EXHIBIT "A"

## DESCRIPTION OF REAL PROPERTY

LOT 7, BASINVIEW ESTATES CLUSTER SUBDIVISION, 1ST AMENDMENT, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WEBER COUNTY RECORDING OFFICE.

APN: 20-119-0007   DS   ds
                        DB

7

## RIDER TO DEED OF TRUST

This Rider to Deed of Trust (this "Rider") is by this reference made a part of, and incorporated within, that certain Deed of Trust with Assignment of Rents (the "Deed of Trust") to which this Rider is attached. Unless otherwise defined herein, each term bearing initial capital letters herein shall have the respective definition ascribed to such term under the Deed of Trust. In the event of any conflict between the provisions of this Rider, the Deed of Trust or that certain Secured Promissory Note secured by the Deed of Trust (the "Note"), the terms of this Rider shall prevail and control.

1. <u>Notice of Default</u>. In the event of any default of Trustor hereunder or under any obligation secured hereby, neither Beneficiary nor Trustee shall be entitled to exercise any right or remedy provided for herein or in any obligation secured hereby unless Trustor has failed to cure said default within twenty days after receipt by Trustor of written notice thereof from Beneficiary if said default can be cured by payment or money only, or if said default cannot be cured by payment of money only unless Trustor has not cured said default within 20 days after receipt by Trustor of such written notice, or if the default cannot be cured by payment of money only and cannot reasonably be cured within said 20 days then unless Trustor does not commence curing the default within said 20 days and does not complete such cure within diligently pursue such cure thereafter 60 days after such written notice.

2. <u>Acceleration upon Transfers of Ownership</u>. If any of the following occurs after the effective date, then Beneficiary shall have the right, at its option, to declare, without notice, all outstanding indebtedness secured hereby to be immediately due and payable: (1) Trustor voluntarily or involuntarily sells, conveys, transfers, mortgages, encumbers, assigns, hypothecates, disposes of the property described on Exhibit "A" to the Deed of Trust or any improvements constructed thereon (which real property and improvements are collectively referred to herein as the "Subject Property") or any part thereof or any interest therein (whether it is a legal or equitable interest), or enters into a contract to do any of the above; (2) as a result of the death of an individual who succeeds to Trustor's interest in the Subject Property, title to the Subject Property is transferred to one other than a surviving spouse who, by reason of executing this or any other document, is also an obligor hereof; (3) if Trustor is a corporation, more than 50% in the aggregate of the corporate stock is sold, transferred, pledged, hypothecated, assigned or otherwise disposed of, whether directly or indirectly; (4) if Trustor is a trust, there is a change or transfer of more than 50% in the aggregate of the beneficial interest therein; (5) if Trustor is a partnership or limited liability company or other legal entity, more than 50% in the aggregate of the capital interests or interests in the profits and losses of such partnership, limited liability company or other entity (as the case may be) is sold, transferred, pledged, hypothecated, assigned or otherwise disposed of, whether voluntary or involuntary.

3. <u>Security Agreement</u>. Trustor hereby grants and assigns to Beneficiary a security interest, to secure payment and performance of all of the obligations secured by the Deed of Trust, in all of the following described personal property in which Trustor now or at any time hereafter has any interest (collectively, the "Collateral"):

> All goods, building and other materials, supplies, work in process, equipment, machinery, fixtures, and signs e, wherever situated, which are or are to be incorporated into, used in connection with, or appropriated for use on the Subject Property, together with all rents, issues, deposits and profits of the Subject Property and the Collateral. Such personal property shall include, without limitation, all inventory, accounts, cash receipts, deposit accounts, accounts receivable, contract rights, general intangibles, chattel paper, instruments, documents, notes, drafts, letters of credit, insurance policies, insurance and condemnation awards and proceeds, any other rights to the payment of money, trade names, trademarks and service marks arising from or related to the Subject Property or any business now or hereafter conducted thereon by Trustor; all permits, consents, approvals, licenses,

8

entitlements, authorizations and other rights granted by, given by or obtained from, any governmental entity with respect to the Subject Property; all deposits or other security now or hereafter made with or given to utility companies by Trustor with respect to the Subject Property; all advance payments of insurance premiums made by Trustor with respect to the Subject Property; all plans, drawings and specifications relating to the Subject Property; all loan funds held by Secured Party, whether or not disbursed; all reserves, deferred payments, deposits, accounts, refunds, cost savings and payments of any kind related to the Subject Property or any portion thereof; together with all replacements and proceeds of, and additions and accessions to, any of the foregoing; together with all books, records and files relating to any of the foregoing.

For purposes of this Rider and the Deed of Trust, the Collateral shall be deemed a part of the "property" encumbered by the Deed of Trust. As to all of the Collateral which is or which hereafter becomes a "fixture" under applicable law, this Deed of Trust constitutes a fixture filing under Sections 9502 and 9604 of the California Uniform Commercial Code, as amended or recodified from time to time.

Trustor acknowledges and agrees that Beneficiary will file with the California Secretary of State any and all Form UCC-1 Financing Statements and any and all continuations, modifications or terminations of any such statements which Beneficiary may reasonably determine is necessary to perfect the security interest in the Collateral granted under this Rider.

4. <u>Hazardous Materials Covenants</u>.

(a) <u>Definitions</u>. As used in this Rider, the term "Hazardous Materials" shall mean and include any hazardous or toxic materials, substances or wastes as now or hereafter designated under any law, statute, ordinance, rule, regulation, order or ruling of any agency of the State of California, the United States government or any local governmental authority, including, without limitation, asbestos, petroleum, petroleum hydrocarbons and petroleum-based products, urea formaldehyde foam insulation, polychlorinated biphenyls ("PCBs"), and freon and other chlorofluorocarbons. As used in this Rider, "Environmental Law" means any federal, state, foreign and local law, statute, ordinance, rule, regulation, license, permit, approval, order, judgment or agreement with any governmental entity relating to (i) the protection, preservation or restoration of the environment or to human health or safety, or (ii) the exposure to, or the use, storage, recycling, treatment, generation, transportation, handling, production, processing, release or disposal of any Hazardous Materials, in each case as amended and as now or hereafter in effect.

(b) <u>No Hazardous Activities</u>. Trustor shall not cause or permit the Subject Property to be used as a site for the use, generation, manufacture, storage, treatment, release, discharge, disposal, transportation or presence of any Hazardous Materials (as defined below), other than as permitted by, and strictly in accordance with, applicable law in the ordinary course of developing, building, financing, marketing and selling a residential tract housing project.

(c) <u>Compliance</u>. Trustor shall comply and cause the Subject Property to comply with all Environmental Laws.

(d) <u>Notices</u>. Trustor shall immediately notify Beneficiary in writing of: (i) the discovery of any Hazardous Materials on, under or about the Subject Property; (ii) any knowledge by Trustor that the Subject Property does not comply with any Environmental Laws; and (iii) any claims or actions pending or threatened against Trustor or the Subject Property relating to Hazardous Materials or pursuant to any Environmental Law (each, a "Hazardous Material Claim").

(e) <u>Remedial Action</u>. In response to the presence of any Hazardous Materials on, under or about the Subject Property, Trustor shall immediately take, at Trustor's sole expense, all remedial

9

action required by all Environmental Laws or any judgment, consent decree, settlement or compromise in respect to any Hazardous Materials Claims.

5. **Hazardous Materials Indemnity.** Trustor hereby agrees to defend, indemnify and hold harmless Beneficiary and Beneficiary's representatives (the "Indemnified Parties") from and against any and all losses, damages, liabilities, claims, actions, judgments, court costs and legal or other expenses (including, without limitation, attorneys' fees and expenses) which any of them may incur as a direct or indirect consequence of the use, generation, manufacture, storage, treatment, release, threatened release, discharge, disposal, transportation or presence of any Hazardous Materials in, on, under or about the Subject Property by Trustor or Trustor's representatives. Such indemnity shall not include any of the foregoing items to the extent caused by any Indemnified Party, or first arising during the period that any Indemnified Party owned the Property. Such indemnity shall include, without limitation: (a) the costs, whether foreseeable or unforeseeable, of any repair, cleanup or detoxification of the Subject Property which is required by any governmental authority or is otherwise necessary to render the Subject Property in compliance with all Environmental Laws; (b) all other direct or indirect consequential damages (including, without limitation, any third party tort claim or governmental claims, fines or penalties against any of the Indemnified Parties, and (c) all court costs and attorney's fees paid or incurred by any of the Indemnified Parties. **TRUSTOR'S DUTY AND OBLIGATIONS TO DEFEND, INDEMNIFY AND HOLD HARMLESS INDEMNIFIED PARTIES SHALL SURVIVE THE CANCELLATION OF THE NOTE AND THE RELEASE, RECONVEYANCE OR PARTIAL RECONVEYANCE OF THE DEED OF TRUST.**

6. **Legal Effect.** Trustor and Beneficiary agree that: (a) Section 4 of this Rider is intended as Beneficiary's written request for information (and Trustor's response) concerning the environmental condition of the real property security as required by California Code of Civil Procedure §726.5; and (b) each covenant in this Rider (together with any indemnity applicable to a breach of any such covenant) with respect to the environmental condition of the real property security is intended by Beneficiary and Trustor to be an "environmental provision" for purposes of California Code of Civil Procedure §736, and as such it is expressly understood that Trustor's duty to indemnify the Indemnified Parties hereunder shall survive: (i) any judicial or non-judicial foreclosure under the Deed of Trust, or transfer of the Subject Property in lieu thereof; (ii) the release and reconveyance or cancellation of the Deed of Trust; and (iii) the satisfaction of all Trustor's obligations under the Note and the Deed of Trust.

7. **Insurance.** Trustor shall obtain and maintain a policy of comprehensive public liability insurance and property damage insurance with limits as reasonably required by Beneficiary, insuring against liability for injury and/or death to any person and/or damage to any property occurring on the Subject Property from any cause whatsoever. Trustor shall provide to Beneficiary the originals of all required insurance policies, or other evidence of insurance acceptable to Beneficiary. All insurance policies shall provide that the insurance shall not be cancelable or materially changed without ten (10) days prior written notice to Beneficiary, and Beneficiary shall be named under a Lender's Loss Policy Endorsement on all insurance policies which Trustor actually maintains with respect to the Subject Property. Trustor shall provide to Lender evidence of any other insurance Beneficiary may deem reasonably necessary to protect the Subject Property.



STATE OF UTAH } ss
COUNTY OF WEBER }
I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE DOCUMENT THAT APPEARS ON RECORD IN MY OFFICE.
WITNESS MY HAND AND SEAL
THIS 13 DAY OF Jan 20 25
LEANN H. KILTS, WEBER COUNTY RECORDER
BY _____ DEPUTY

10