# EXHIBIT 7
## (Second Lawsuit)

Bradley L. Tilt (07649)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
office: 385-355-4826
bradley.tilt@freemanlovell.com
*Attorneys for Plaintiffs*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

IN THE SECOND DISTRICT COURT IN AND FOR
WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN; and<br>JOHN P. MULLIGAN,<br><br>    Plaintiffs<br><br>v.<br><br>SINGLE BOX, L.P.;<br>SB AB WEST LOOP, L.P.;<br>BRETT H. DEL VALLE and TRACI M. DEL VALLE, as Co-Trustees of The Del Valle Family Trust dated October 30, 2002,<br><br>    Defendants. | **COMPLAINT**<br><br><br>Case No. _____<br><br>Judge _____ |

Plaintiffs assert, allege, and pray for relief as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs Molly M. Mulligan and John P. Mulligan each are individuals (referred to hereinafter collectively as "**Plaintiffs**" or "**Mulligans**") who together, as wife and husband and as joint tenants, own and claim that certain real property which is the subject of this case.

2. The real property which is the subject of this case is located in Weber County, State of Utah, and is more particularly described as follows (the "**Property**"):

Lot 7, BASINVIEW ESTATES CLUSTER SUBDIVISION 1ST AMENDMENT, according to the official plat thereof on file and of record in the office of the Weber County Recorder.

Together with a right of use for an easement for ingress and egress over and across Basinview Road (a private road), as shown on the official dedicated plat, to and from said Lot to a physically open and legally dedicated public street.

Tax ID No. 20-119-0007

3. Defendant Single Box, L.P. ("**Single Box**") is an entity which claims or may claim to have an interest in or to the Property.

4. Defendant SB AB West Loop, L.P. ("**West Loop**") is an entity which claims or may claim to have an interest in or to the Property.

5. Defendants Brett H. Del Valle and Traci M. Del Valle, as Co-Trustees of The Del Valle Family Trust dated October 30, 2002 (referred to hereinafter individually and/or collectively as the "**Trust**") previously owned the Property and conveyed it by warranty deed to Plaintiffs.

6. Jurisdiction is proper in this Court, including without limitation pursuant to Utah Code Ann. § 78B-6-401.

7. Venue is proper in this Court, including without limitation pursuant to Utah Code Ann. § 78B-3-301(1) and § 78B-3-304 because this action involves real property located in Wasatch County, Utah.

8. This matter is a Tier 2 case under and pursuant to Rule 26(c)(3) of the Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

9. The Trust purchased and obtained title of record to the Property in 2007.

10. The Trust at all times owned the Property from its purchase in 2007 until the Trust sold the Property to Plaintiffs in the spring of 2021.

11. Plaintiffs purchased the Property from the Trust in the spring of 2021, and the Trust conveyed the Property to Plaintiffs by that certain *Warranty Deed* which was recorded on May 11, 2021, as Entry No. 3151874 in the office and records of the Weber County Recorder (the "**Warranty Deed**").

12. The claimed interests of Defendant Single Box and/or Defendant West Loop in or to the Property is/are based and premised upon a certain document entitled *Entry of Foreign Judgment Pursuant to Utah Code Ann. § 78B-5-302*, which they claim was recorded on October 5, 2020, as Entry No. 3090706 in the office and records of the Weber County Recorder, and which they claim is, created, and constitutes a judgment lien upon and/or against the Property (the "**Claimed Judgment Lien**").

13. The Claimed Judgment Lien relates to a claimed underlying foreign judgment which was entered against Brett Del Valle individually and personally (among others, but not including and/or not against the Trust).

14. Defendants Single Box and/or West Loop nevertheless claim that the Claimed Judgment Lien attached to and encumbered the Property, including particularly but without limitation purportedly ahead of and with priority over Plaintiffs' interests in and ownership of the Property, they have failed and/or refused to release of record the Claimed Judgment Lien which

3

therefore is and constitutes a cloud upon Plaintiffs' title to the Property, and they have stated that they intend to enforce the Claimed Judgment Lien against the Property.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment and Quiet Title – against Single Box and West Loop)**

15. Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

16. An actual controversy has arisen and now exists regarding the Claimed Judgment Lien of Defendants Single Box and/or West Loop upon and/or against the Property which has been conveyed to and is owned by Plaintiffs.

17. The interests of the parties are adverse, concrete, and justiciable, and declaratory relief is warranted.

18. Either the Claimed Judgment Lien did not attach at all as any lien upon nor encumbrance against the Property because the claimed judgment debtor Brett Del Valle personally never owned the Property at any time relevant to this case, or, in the alternative only, the Claimed Judgment Lien attached to, encumbers, and/or affects at most only a one half interest in and/or against the Property, including without limitation by virtue of and pursuant to, perhaps among other things:

    a. Paragraph 12.12 of the Trust document which provides that the Trust "shall be governed by the laws of the state of [the] situs" with respect to real property rights and interests;

    b. Utah Code Section 75-7-505(1) which provides that: "If a trust has more

than one settlor, the amount the creditor or assignee of a particular settlor may reach may not exceed the settlor's interest in the portion of the trust attributable to that settlor's contribution."; and

    c.    The fact that there appear to be two settlors of the Trust each of whom therefore had at most only a one half interest in and to the Property; Brett H. Del Valle, as an apparent settlor of the Trust had, and the Claimed Judgment Lien therefore could attach to, at most only a one half interest in and to the Property.

19.    Plaintiffs seeks to quiet title to their ownership of the Property as against the Claimed Judgment Lien, in whole or in part.

20.    A judicial declaration is necessary and appropriate at this time in order that the Plaintiffs may confirm their rights with respect to ownership of the Property, including in advance of and before any attempt by Defendants Single Box and/or West Loop to enforce the Claimed Judgment Lien against the Property.

21.    Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq.*, Rule 57 of the Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that either the Claimed Judgment Lien did not attach at all as any lien upon nor encumbrance against the Property because the claimed judgment debtor Brett Del Valle personally never owned the Property at any time relevant to this case, or, in the alternative only, the Claimed Judgment Lien attached to, encumbers, and/or affects at most only a one half interest in and/or against the Property.

22.    Additionally, pursuant to Utah Code Ann. §§ 78B-6-1301, *et. seq.*, Rule 57 of the

Utah Rules of Civil Procedure, and otherwise, Plaintiffs are entitled to judgment quieting title of the Property in Plaintiffs, either fully free and clear of and from, and unaffected by, any and all estates, rights, titles, and/or interests which may be held and/or claimed by and/or under the Claimed Judgment Lien, or, in the alternative only, Plaintiffs are entitled to judgment quieting title of at least a one half interest in and to the Property free and clear of and unaffected by the Claimed Judgment Lien (*i.e.*, that the Claimed Judgment Lien can affect at most only a one half interest in and to the Property).

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Equitable Subordination – against Single Box and West Loop)**

23. Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

24. Prior to Plaintiffs' purchase of the Property from the Trust, the Property was subject to and encumbered by a *Deed of Trust* which was recorded on September 20, 2017, as Entry No. 2879566 in the office and records of the Weber County Recorder (the "**First Position Trust Deed**").

25. Also prior to Plaintiffs' purchase of the Property from the Trust, the Property was subject to and encumbered by a *Deed of Trust With Assignment of Rents* which was recorded on July 6, 2020, as Entry No. 3066407 in the office and records of the Weber County Recorder (the "**Second Position Trust Deed**").

26. Further prior to Plaintiffs' Purchase of the Property from the Trust, the Property

was subject to and encumbered by a lien for unpaid county property taxes (the "**Property Tax Lien**").

27. The First Position Trust Deed and the Second Position Trust Deed each were prior and superior to Plaintiffs' later-recorded Claimed Judgment Lien.

28. As a matter of law the Property Tax Lien has super-priority ahead of and superior to any interest of the Claimed Judgment Lien.

29. Plaintiffs' proceeds for and from Plaintiffs' purchase of the Property were used to pay off pay off the First Position Trust Deed ($712,209.92), the Second Position Trust Deed ($948,000.00), and the Property Tax Lien ($46,248.89), all having priority over, ahead of, and superior to any interest of the Claimed Judgment Lien, in the total cumulative amount of at least $1,706,458.81.

30. Plaintiffs paid and authorized the payment and disbursement of those proceeds of, for and from their purchase of the Property to pay off those obligations and liens against the Property with the understanding and intent that Plaintiffs' Warranty Deed and all other rights of Plaintiffs in and to the Property would be in a first priority position ahead of and without any liens and/or encumbrances (other than those which Plaintiffs themselves may have signed and pledged), including without limitation occupying the priority places of and instead of the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien, and ahead of and superior to all other estates, rights, titles, claims, and/or interests in, to, on, and/or against the Property (other than those which Plaintiffs themselves may have signed and pledged).

31. At the time Plaintiffs purchased the Property and disbursed and/or authorized

disbursement of their purchase proceeds, Plaintiffs did not know that of Defendants Single Box, West Loop, or either of them, held or would claim to hold any priority position pursuant to the Claimed Judgment Lien, or otherwise, over, ahead of, or superior to Plaintiffs' ownership of the Property pursuant to their Warranty Deed or otherwise.

32. It would be inequitable and unjust if the Claimed Judgment Lien were not equitably subordinated to Plaintiff's ownership of and Warranty Deed on and to the Property.

33. By virtue of Plaintiffs' purchase proceeds having paid off prior liens and obligations on and against the Property, including, without limitation, prior liens and obligations to which the Claimed Judgment Lien and any and all other interests held or claimed by Defendants Single Box, West Loop, and each of them, were at all times junior, subject, and inferior, their Claimed Judgment Lien and interests should be equitably subordinated to Plaintiffs' ownership and Warranty Deed, to at least the extent that Plaintiffs' purchase proceeds paid off and reduced prior liens and obligations on and against the Property to which any and all interests of Defendants Single Box, West Loop, and each of them, were at all times junior, subject, and inferior.

34. Plaintiffs are entitled, pursuant to Utah Code Ann. §§ 78B-6-401 *et seq.*, Rule 57 of the Utah Rules of Civil Procedure, and otherwise, to declaratory judgment that, by virtue of Plaintiffs having paid off liens and obligations on and against the Property that were prior and superior to the Claimed Judgment Lien and any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, and to which they always were subject and inferior, the Claimed Judgment Lien and any

and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, are equitably subordinated to and do not affect Plaintiffs' ownership, Warranty Deed, and other interests, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced prior liens and obligations on and against the Property.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Equitable Subrogation – against Single Box and West Loop)

35. Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

36. It would be inequitable and unjust if Plaintiffs' ownership, Warranty Deed, and other interests in and to the Property were not equitably and otherwise subrogated to a position of priority ahead of and superior to the Claimed Judgment Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, due to and in light of Plaintiffs' purchase proceeds having paid off liens and obligations on and against the Property that were prior and superior to the Claimed Judgment Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, and to which they always were subject and inferior.

37. If Plaintiffs ownership, Warranty Deed, and other interests were not equitably subrogated to a position of priority ahead of and superior to the Claimed Judgment Lien and to

any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, then Defendants Single Box, West Loop, and each and either of them would be unjustly enriched and reap a windfall by virtue of Plaintiffs having paid off other liens and obligations to which the Claimed Judgment Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them always were, and would otherwise have remained, subordinate.

38. Plaintiffs are entitled, pursuant to Utah Code Ann. §§ 78B-6-401 *et seq.*, Rule 57 of the Utah Rules of Civil Procedure, and otherwise to declaratory judgment that Plaintiffs' ownership, Warranty Deed, and other interests in and to the Property should be and are subrogated to the priority positions in, on, and to the Property of all prior liens and obligations, with priority over the Claimed Judgment Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, which were paid off with Plaintiffs' purchase proceeds, including particularly but without limitation to the priority position of the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien, and each of them, ahead of and superior to the Claimed Judgment Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced such prior liens and obligations on and against the Property.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of, and Damages for, Breaches of Warranty Deed – against the Trust)

39. Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

40. When the Trust executed the Warranty Deed to Plaintiffs, and by executing it, the Trust, among other things, as a matter of law (including without limitation under and pursuant to Utah Code Ann. § 57-1-12(2)), expressly covenanted and warranted, among other things, that the Trust was lawfully seised of good and marketable title of and to the Property, that the Trust had the right to and that by the Warranty Deed the Trust in fact did convey and warrant the Property to Plaintiffs, and that the Trust would defend generally the title of the Property in Plaintiffs against all adverse claims and demands (subject only to certain specified interests stated on the face of the Warranty Deed which do not apply to this case).

41. Plaintiffs have provided, and do again hereby provide, written notice to the Trust of and regarding the claims and potential interests in the Property which are the subject of this case, and has demanded, including in writing, that the Trust release, satisfy, and otherwise discharge the same to provide and ensure the full, free, clear, and marketable title of and to the Property to Plaintiffs as the Trust is legally and statutorily required to do by virtue of the Warranty Deed.

42. To date, however, the Trust has failed, and/or refused, to comply with the requests and demands as stated in the immediately preceding paragraph.

43. Pursuant to Utah Code Ann. §§ 78B-6-401, *et seq.*, Rule 57 of the Utah Rules of

11

Civil Procedure, and otherwise, Plaintiffs are entitled to declaratory judgment that by virtue of the foregoing the Trust is in breach of its covenants and warranties of title with respect to the Property contained and implied as a matter of law in and as a part of the Warranty Deed.

44. Plaintiffs have suffered, are continuing to suffer, and otherwise will suffer and are entitled to recover from the Trust, damages as a result of the Trust's breaches of the various covenants and warranties of the Warranty Deed, regarding ownership of and title to the Property, in amounts that will be shown at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Injunctive Relief)**

45. Plaintiffs incorporate into and make a part of this cause of action each and every other paragraph in this Complaint.

46. Defendants Single Box and West Loop have stated to Plaintiffs that they intend to enforce their Claimed Judgment Lien against the Property.

47. Defendants Single Box, West Loop, and each and/or either of them, proceeding with any enforcement of their Claimed Judgment Lien against the Property, including without limitation any execution upon and/or foreclosure of the Property allegedly pursuant to their Claimed Judgment Lien, including without limitation during the pendency of this action and before the issues in this lawsuit have been ruled upon by the Court as to the validity, scope, effect, and/or priority of the Claimed Judgment Lien, would result in immediate, great, and irreparable injury and damage to Plaintiffs who have no plain, speedy, or adequate remedy at law

to protect their Property unless Defendants Single Box, West Loop, and each and/or either of them, is/are restrained from taking such action.

48.  Defendants Single Box, West Loop, and each and/or either of them, proceeding with any enforcement of their Claimed Judgment Lien against the Property could render a final judgment for Plaintiffs ineffectual in the absence of temporary, preliminary, and permanent injunctive relief.

49.  Plaintiffs are entitled to a temporary restraining order and preliminary injunction during the pendency of this action, and thereafter to a permanent injunction, restraining and enjoining Defendants Single Box, West Loop, and each and/or either of them, from proceeding to any enforcement, execution, and/or foreclosure upon and/or against the Property pursuant to the Claimed Judgment Lien, and from attempting to enforce the Claimed Judgment Lien against the Property in any way.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1.  Judgment declaring that either the Claimed Judgment Lien did not attach at all as any lien upon nor encumbrance against the Property because the claimed judgment debtor Brett Del Valle personally never owned the Property at any time relevant to this case, or, in the alternative only, the Claimed Judgment Lien attached to, encumbers, and/or affects at most only a one half interest in and/or against the Property.

2.  Judgment quieting title of the Property in Plaintiffs, either fully free and clear of and from, and unaffected by, any and all estates, rights, titles, and/or interests which may be held

and/or claimed by and/or under the Claimed Judgment Lien, or, in the alternative only, quieting title in Plaintiff of and to at least a one half interest in and to the Property free and clear of and unaffected by the Claimed Judgment Lien (*i.e.*, that the Claimed Judgment Lien can affect at most only a one half interest in and to the Property).

        3.        Judgment declaring that, by virtue of Plaintiffs having paid off liens and obligations on and against the Property that were prior and superior to the Claimed Judgment Lien and any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, and to which they always were subject and inferior, the Claimed Judgment Lien and any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, should be and are equitably subordinated to and do not affect Plaintiffs' ownership, Warranty Deed, and other interests, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced prior liens and obligations on and against the Property.

        4.        Judgment declaring that Plaintiffs' ownership, Warranty Deed, and other interests in and to the Property should be and are subrogated to the priority positions in, on, and to the Property of all prior liens and obligations, with priority over the Claimed Judgment Lien and to any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, which were paid off with Plaintiffs' purchase proceeds, including particularly but without limitation Plaintiffs' ownership, Warranty Deed, and other interests should be subrogated to the priority position of the First Position Trust Deed, the Second Position Trust Deed, the Property Tax Lien, and each of them,

ahead of, superior to, and unable to be affected by the Claimed Judgment Lien and/or any and all other estates, rights, titles, or interests in the Property held and/or claimed by Defendants Single Box, West Loop, and each and either of them, at least to the extent that Plaintiffs' purchase proceeds paid off or reduced such prior liens and obligations on and against the Property.

5. Judgment declaring that the Trust is in breach of its covenants and warranties of title with respect to the Property contained and implied as a matter of law in and as a part of the Warranty Deed.

6. Awarding to Plaintiffs, and against the Trust, a money judgment for all damages Plaintiffs have suffered and are continuing to suffer as a result of the Trust's breaches of the various covenants and warranties of the Warranty Deed, in amounts that will be shown at trial.

7. Issuance of a temporary restraining order, preliminary injunction, and permanent injunction, including without limitation during the pendency of this action, restraining and enjoining Defendants Single Box, West Loop, and each and/or either of them, from proceeding to any enforcement, execution, and/or foreclosure upon and/or against the Property pursuant to the Claimed Judgment Lien, and from in any way, directly or indirectly, initiating, continuing, and/or otherwise attempting to enforce the Claimed Judgment Lien against the Property in any way.

8. For such other and further relief to which Plaintiffs are entitled at law or equity.

DATED September 9, 2021.   FREEMAN LOVELL, PLLC

  */s/ Bradley L. Tilt*
 Bradley L. Tilt
 *Attorneys for Plaintiffs*