# EXHIBIT 11
## (Motion to Amend)

Bradley L. Tilt (07649)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
Office: (385) 355-4826
bradley.tilt@freemanlovell.com
*Attorney for Plaintiffs*

Felicia B. Canfield (09686)
CANFIELD LAW LLC
2413 Newton Avenue
Cody, WY 82414
Cell: (307) 228-5986
canfieldlawllc@gmail.com
*Attorney for Plaintiffs*

---

### IN THE SECOND JUDICIAL DISTRICT COURT
### WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN; and JOHN P. MULLIGAN,<br><br>Plaintiffs<br><br>v.<br><br>SINGLE BOX, L.P.;<br>SB AB WEST LOOP, L.P.;<br>BRETT H. DEL VALLE and TRACI M. DEL VALLE, as Co-Trustees of The Del Valle Family Trust dated October 30, 2002,<br><br>Defendants. | **MOTION OF PLAINTIFFS FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br><br>Civil No. 210904774<br><br>Judge: Craig Hall |

### RELIEF REQUESTED AND GROUNDS THEREFOR

Pursuant to Rule 15(d), Utah Rules of Civil Procedure, Plaintiffs Molly J. Mulligan and John P. Mulligan (the "**Mulligans**") respectfully move this Court for permission to supplement their complaint to, in main part: (1) add Alum Rock Riverside, LLC ("**Alum Rock**") as a party this action in order to allege claims and causes of action against Alum Rock as to the validity of

a purported lien it claims against the subject property based upon a foreign judgment it obtained as a creditor of Brett Del Valle, an individual, who is not a party to this action; (2) add a cause of action for declaratory judgment as to the priority of the two purported liens filed by each of defendants Single Box, L.P. and SB AB West Loop, L.P. (collectively referred to herein as "**Single Box**") and Alum Rock; and, (3) add declaratory judgment causes of action that Plaintiffs are bona fide purchasers with no constructive notice of the liens and claims asserted against the Property by Single Box and Alum Rock.

## RELEVANT FACTS

1.  Plaintiffs together, as wife and husband and as joint tenants, own and claim that certain real property which is the subject of this case which property is located in Weber County, State of Utah, and is more particularly described as follows (the "**Property**"):

> Lot 7, BASINVIEW ESTATES CLUSTER SUBDIVISION 1ST AMENDMENT, according to the official plat thereof on file and of record in the office of the Weber County Recorder.
>
> Together with a right of use for an easement for ingress and egress over and across Basinview Road (a private road), as shown on the official dedicated plat, to and from said Lot to a physically open and legally dedicated public street.
>
> Tax ID No. 20-119-0007

*See* Complaint, ¶¶ 1-2, on file herein; *see also Declaration of Bradley L. Tilt* filed herein on June 8, 2022 ("**Tilt Decl.**") and Exhibits A and B thereto.

2.  Defendants Brett H. Del Valle and Traci M. Del Valle, as Co-Trustees of The Del Valle Family Trust dated October 30, 2002 (referred to hereinafter individually and/or collectively as the "**Trust**") previously owned the Property and conveyed it by warranty deed to Plaintiffs. *See* Complaint, ¶ 5, on file herein; *see also Tilt Decl.* and Exhibits A and B thereto.

3.  The claimed interests of Defendants Single Box in or to the Property is/are based and premised upon a certain document entitled *Entry of Foreign Judgment Pursuant to Utah*

2

*Code Ann. § 78B-5-302*, which they claim was recorded on October 5, 2020, as Entry No. 3090706 in the office and records of the Weber County Recorder, and which they claim is, created, and constitutes a judgment lien upon and/or against the Property (the "**Single Box Claimed Judgment Lien**"). *See also Tilt Decl.* and Exhibit C thereto.

4.  The claimed interests of Alum Rock in or to the Property is/are based and premised upon a certain document entitled *Notice of Judgment* filed on October 23, 2020 in the Third Judicial District Court, Salt Lake County, in Case No. 20692704 (the "**Third District Court Action**"), which it claims was recorded on October 23, 2020 as Entry No. 3101770 in the office and records of the Weber County Recorder, and which they claim is, created, and constitutes a judgment lien upon and/or against the Property (the "**Alum Rock Claimed Judgment Lien**"). *See Declaration of Felicia B. Canfield* filed herein on August 28, 2024 ("**Canfield Decl.**") and "**Exhibit 1**" thereto.

5.  On June 22, 2021, Alum Rock applied for an obtained a *Writ of Execution* against the Mulligan Property in the Third District Court Action. *See* Canfield Decl. and "**Exhibit 2**" thereto.

6.  On July 7, 2021, Plaintiffs, <u>who were not (and have not been) named as defendants in Plaintiff's Third District Court Action</u>, filed a *Reply and Request for Hearing* alleging various defects as to the procedures and processes pertaining to the issuance of the *Writ of Execution* and as to Alum Rock's Claimed Judgment Lien, which *Reply and Request for Hearing* Alum Rock opposed. *See* Canfield Decl. and "**Exhibit 3**" thereto.

7.  On October 27, 2022, the Third District Court issued a *Ruling & Order on Mulligans' Reply to Writ of Execution* (the "**Ruling**") upholding its issuance of the *Writ of Execution*. *See* Canfield Decl. and "**Exhibit 4**" thereto.

8.  Plaintiffs appealed the Ruling to the Utah Supreme Court, which, in *Molly J.*

3

*Mulligan and John P. Mulligan v. Alum Rock Riverside, L.L.C.*, 2024 UT 22 (the "**Appeal Decision**"), upheld the Ruling and the issuance of the *Writ of Execution* as to the arguments and issues raised in Plaintiffs' *Reply and Request for Hearing* and related filings. *See* Canfield Decl. and "**Exhibit 5**" thereto.

9. The Appeal Decision, and the Third District Court's Ruling, expressly did not reach the merits of Plaintiffs' claims that Alum Rock's Claimed Lien, if valid, could only have attached to, encumbered, and/or affected, if anything and at most, only a one-half interest in and/or against the Property (leaving the other one-half interest in and to the Property free and clear of and from, and unaffected by, the Alum Rock Claimed Judgment Lien), among other claims and lien defenses that Plaintiffs seek to assert in this action by way of filing a supplemental complaint (defined below). *See, e.g,* Canfield Decl. Exhibits 4 and 5.

10. During the pendency of Plaintiff's appeal, the Third District Court entered an *Order Staying Proceedings to Enforce Judgment Against Mulligans' Property Pending Appeal*. *See* Canfield Decl. and "**Exhibit 6**" thereto.

11. Plaintiffs seek to bring additional allegations, claims and defenses as against Alum Rock and the Alum Rock Claimed Lien, in this action, and as against Single Box and the Single Box Claimed Lien, including (without limitation) as to the relative priorities of the Single Box Claimed Lien and the Alum Rock Claimed Lien, among other allegations, claims and defenses, including relating to lien validity and scope and declaratory judgment that Plaintiffs are bona fide purchasers with no constructive notice of the liens and claims asserted against the Property by Single Box and Alum Rock. *See* Canfield Decl. and "**Exhibit 7**" thereto (proposed Supplemental Complaint, in Redline and clean formats).

4

# ARGUMENT

I. **THE MULLIGANS MEET THE STANDARD FOR SUPPLEMENTING COMPLAINTS.**

Rule 15(d) of the Utah Rules of Civil Procedure provides that "[o]n motion and reasonable notice, the court may, on just terms, permit, a party to file a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party to respond to the supplemental pleading within a specified period of time."

Although the current parties in this action filed competing motions for summary judgment (and the Court granted the Mulligans' motion by way of its *Memorandum Decision and Order on Plaintiffs' and Defendants' Motions for Summary Judgment* entered on November 17, 2023 (the "**Memorandum Decision**")[1]), no discovery has occurred in this case and no further proceedings have been made by any party.

Thus, under the standard articulated in *Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, 87 P.3d 734 (permission to amend should be freely given when justice requires, and trial court erred in not granting motion to amend where no prejudice resulted to the nonmoving party

---

[1] The Appeal Decision may call into question portions of this Court's Memorandum Decision, which held that Single Box's Claimed Judgment Lien did not attach to the Property because "was not entered against Mr. Del Valle in his capacity as either the co-trustee or beneficiary of the Trust, nor was it entered against the Trust" and "was not recorded in Weber County against either the Trust or Brett Del Valle in his capacity as either the co-trustee or beneficiary of the Trust". *Id.* pp. 5-6. In its Memorandum Decision, however, this Court expressly did not reach the question of whether Single Box effectively domesticated its lien in Utah, a claim that Plaintiffs may yet pursue, in addition (without limitation) to other claims and defenses.

5

and no trial date had been set), the Mulligans should be allowed to supplement their complaint for all of the reasons set forth below.

II. **THE ALUM ROCK CLAIMED LIEN AND THE SINGLE BOX CLAIMED LIEN COVER AND PURPORTEDLY ENCUMBER THE SAME PROPERTY; LEAVE THEREFORE SHOULD BE GRANTED FOR PLAINTIFFS TO SUPPLEMENT THEIR COMPLAINT.**

The Alum Rock Claimed Lien covers and purportedly encumbers the same Property covered and purportedly encumbered by the Single Box Claimed Lien. The Mulligans are not parties to the action filed by Alum Rock in the Third Judicial District Court, having only filed in that action their *Reply and Request for Hearing* (and related filings) pertaining to the *Writ of Execution* obtained by Alum Rock, and a subsequent appeal of that court's Ruling upholding the writ. That Ruling, and the Appeal Decision, did not, and did not purport to, fully and fairly litigate all claims and defenses that Plaintiffs have or may bring as against Alum Rock and the Alum Rock Claimed Judgment Lien.

Plaintiffs have additional viable, cognizable claims and defenses to assert against Alum Rock in connection with the Alum Rock Claimed Judgment Lien, including claims common to both Alum Rock and Single Box, including those already asserted by Plaintiffs as against Defendant Single Box in the original Complaint. In the interest of judicial economy, judicial consistency and fairness, the Mulligans should be allowed to bring their common claims against Alum Rock in the same action in which they have asserted claims against Defendants Single Box.

As set forth in the proposed Supplemental Complaint attached as Exhibit 6 to the Canfield Declaration filed concurrently with this Motion, Plaintiffs seek to supplement the causes of action in their original Complaint to add Alum Rock as an additional defendant for:

(1) Declaratory Judgment and Quiet Title; (2) Equitable Subordination; (3) Equitable Subrogation; and (4) Injunctive Relief.  Plaintiffs further seek to add common causes of action against Alum Rock and Single Box for declaratory judgment: (a) as to the extent and priority of the Single Box Claimed Judgment Lien and the Alum Rock Claimed Judgment Lien; (b) that Plaintiffs are bona fide purchasers who paid valuable consideration, in good faith, without notice of any adverse claims by Single Box and/or Alum Rock and their respective claimed judgment liens; and (c) that Plaintiffs had no constructive notice of any adverse claims by Single Box and/or Alum Rock and their respective claimed judgment liens.

      Plaintiffs therefore should be allowed to supplement their Complaint to add Alum Rock as a defendant to this existing action in Weber County (where the Property is located) and to assert common claims and defenses as against both Alum Rock and Defendants Single Box and their respective claimed liens, such that all of Plaintiffs claims and defenses as against both creditors (of Brett Del Valle) may be fully and fairly adjudicated by this Court

      DATED August 27, 2024.

                                      CANFIELD LAW LLC

                                      */s/ Felicia B. Canfield*
                                      Felicia B. Canfield
                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2024 I caused a true and correct copy of the foregoing **MOTION OF PLAINTIFFS FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT** to be served in the manner indicated to the following parties at the addresses listed below:

| | |
|---|---|
| R. Jeremy Adamson<br>Chad S. Pehrson<br>Kunzler Bean & Adamson, PC<br>50 W. Broadway, 10th Floor<br>Salt Lake City, UT 84101<br>jadamson@kba.law<br>cpehrson@kba.law<br>*Attorneys for Single Box, L.P.*<br>*and SB AB West Loop, L.P.* | _____ Hand Delivery<br>_____ First Class, United States Mail, Postage Prepaid<br>\_\_X\_\_ E-filing via GreenFiling<br>_____ E-filing via CM/ECF<br>_____ Email<br>_____ Other:_____ |
| Bradley L. Tilt<br>FREEMAN LOVELL, PLLC<br>4568 S Highland Drive, Suite 290<br>Salt Lake City, Utah 84117<br>Office: (385) 355-4826<br>bradley.tilt@freemanlovell.com<br>*Attorneys for Plaintiffs* | _____ Hand Delivery<br>_____ First Class, United States Mail, Postage Prepaid<br>\_\_X\_\_ E-filing via GreenFiling<br>_____ E-filing via CM/ECF<br>_____ Email<br>_____ Other:_____ |

                                      */s/Felicia B. Canfield*
                                      Felicia B. Canfield