Bradley L. Tilt (Utah Bar No. 07649)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
office: 385-355-4826
bradley.tilt@freemanlovell.com
*Attorneys for Plaintiffs*

Felicia B. Canfield (Utah Bar No. 09686)
CANFIELD LAW LLC
2413 Newton Avenue
Cody, WY 82414
Office: (307) 228-5986
canfieldlawllc@gmail.com
*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN; and JOHN P. MULLIGAN,<br><br>    Plaintiffs<br><br>    v.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company; Brett H. Del Valle and Traci M. Del Valle as Co-Trustees of the Del Valle Family Trust dated October 30, 2002<br><br>    Defendants. | **REQUEST FOR JUDICIAL NOTICE OF** *ORDER AND PRELIMINARY INJUNCTION* **ENTERED BY STATE COURT ON MARCH 20, 2025**<br><br>**AND**<br><br>**SUGGESTION OF MOOTNESS AS TO MOTION FOR PRELIMINARY INJUNCTION [dckt 8] AND MOTION TO DISMISS [dckt 14]**<br><br>Case No. 1:25-cv-00008-DA<br><br>Assigned Judge: Dale A. Kimball |

Plaintiffs Molly J. Mulligan and John P. Mulligan (collectively "**Mulligans**") respectfully

request this Court to take judicial notice of the *Order and Preliminary Injunction* filed on March

20, 2025 (the "**Preliminary Injunction Order**") in the Second Judicial District Court, Ogden District, Weber County, State of Utah, as Case No. 240908957 (the "**State Court**"). A certified copy[1] of the Preliminary Injunction Order was filed in this action on March 25, 2025 [dckt 26-1] along with a *Notice of Filing of and Intent to Rely Upon Certified Copy of Order and Preliminary Injunction Entered by State Court on March 20, 2025* [dckt 26].

## LEGAL STANDARD

"A federal court may take judicial notice of 'a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b). The court must take judicial notice if a party requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). When ruling a motion to dismiss, a court may consider facts subject to judicial notice without converting the motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)". *Hastey on behalf of YRC Worldwide, Inc. v. Welch*, 449 F. Supp. 3d 1053, 1059 (D. Kan. 2020).

The Preliminary Injunction Order is not subject to reasonable dispute because a certified copy thereof was filed with this Court and pursuant to the legal standard stated above, this Court

---

[1] *See e.g.*, 28 U.S.C. §§ 1446, 1447(b) (calling for filing with the federal district court clerk "copies of all record and proceedings" of the state court case which was removed to federal court); *id.* § 1449 (noting "party is entitled to copies of the records and proceedings in any suit or prosecution in State court [which is removed to federal court], to be used in any district court of the United States" and stating federal court "proceedings, trial, and judgment may be had in such [United States] district court, and all such process awarded, as if certified copies had been filed in the [United States] district court"); DUCivR 81-2; F.R.Civ.P. 65; Utah R. Civ. P. 65A.

may consider the facts therein without the conversion of the subject *Motion for Preliminary Injunction* [dckt 8] and *Motion to Dismiss* [dckt 26] to motions for summary judgment.

## PRELIMINARY INJUNCTION ORDER

The Preliminary Injunction Order entered by the State Court provides, *inter alia* (and without added emphasis), as follows:

**ORDERED, ADJUDGED, AND DECREED as follows:**

1. Plaintiffs' Preliminary Injunction Motion is granted.

2. [Defendant] Alum Rock, and anyone acting by, with, or through Alum Rock, is **HEREBY ENJOINED** from continuing with, allowing, and/or holding, and is **ORDERED TO CANCEL** the Sheriff's sale scheduled for January 16, 2025, at 12:00 p.m. and/or for January 21, at 12:00 p.m., and/or any other Sheriff's Sale that may presently be scheduled pursuant to the *Notice of Judgment* filed on October 23, 2020, in the Third Judicial District Court, Salt Lake County, Civil No. 206927043[2], which Notice was recorded in the office and general records of the Weber County Recorder on October 23, 2020, as Entry No. 3101770 (the "**Alum Rock Lien**") and/or to the *Writ of Execution* issued on June 22, 2021, in the writ proceeding in that above-referenced Civil No. 206927043 (the "Writ of Execution"), on or affecting the real property located in Weber County, Utah, commonly known as 1453 South Basinview Road, Huntsville, UT 84137, more particularly described as follows (the "**Property**") …

---

[2] Alum Rock's "writ proceeding". *See Mulligan v. Alum Rock Riverside, LLC*, 2024 UT 22, ¶ 66: "Simply put, this proceeding to enforce that judgment through a writ of execution is not an action involving real property governed by the venue statute."

3. Defendant Alum Rock is further RESTRAINED from and ORDERED to immediately CEASE any and all efforts to foreclose on and/or sell the Property pursuant to the Alum Rock Lien or the Writ of Execution pending further order of this court.

4. Further proceedings must be held in order to determine the extent and nature of the present or former interests of Brett Del Valle and Traci Del Valle in the Property for a determination of what creditors may reach under Utah Code Ann. Section 75-7-505(a). The Second Judicial District Court in and for Weber County is the proper venue for such determination under Utah law, as the Property is located in Weber County, Utah.

5. The Utah Supreme Court's prior determination [in *Mulligan v. Alum Rock Riverside, supra*] that Alum Rock has a judgment lien on the Property, and all other matters previously adjudicated and determined by the Utah Supreme Court, cannot be challenged in this action, and are binding upon this court.

6. **NO BOND** or other security is required for the issuance of this preliminary injunction.

7. Copies of this **ORDER AND PRELIMINARY INJUNCTION** may be recorded in the office of the Weber County Recorder in the State of Utah.

## SUGGESTION OF MOOTNESS

I.  Motion for Preliminary Injunction

Plaintiffs Mulligans filed their *Motion for Preliminary Injunction* [dckt 8] in this removed action (which motion is substantially the same as the motion for preliminary injunction that Mulligans filed in State Court and requested the same relief) pursuant to District of Utah, Civil Rule 81-1(c)(1), which provides: "all pending motions and other requests directed to the state court are automatically denied without prejudice on removal." Rule 81-1(c)(2) further provides: "[i]f a party seeks a decision on a motion that was automatically denied under section 81-1-(c)(1), the party must refile the motion…".

However, the State Court had issued an oral ruling at its evidentiary hearing[3] and subsequently entered the Preliminary Injunction Order pursuant to *Pebble Creek Homes, LLC v. Upstream Images, LLC*, 547 F. Supp. 2d 1214, 1218–19 (D. Utah 2007) (confirming state court's signing and entry of written order after notice of removal had been filed, memorializing prior oral ruling from the bench made before notice of removal was filed, was a "ministerial" act that was valid notwithstanding the intervening notice of removal). ***See e.g.,*** *Stipulated Motion to Extend Time for Plaintiffs to File Reply to Motion for Preliminary Injunction and Memorandum in Support* [dckt 22].

The State Court's Preliminary Injunction Order resolves all issues and requests for relief that are before this Court (including to bar any future foreclosure sales by Alum Rock pending

---

[3] "The court having reviewed [the filings], having further heard the testimony provided at the hearing, and reviewed Exhibit 1 tabs 1 through 15 which were all presented at and admitted into evidence during the Hearing…" Preliminary Injunction Order, p. 2.

4

resolution of claims herein, and to not require any bond[4]) in the currently pending *Motion for Preliminary Injunction* [dckt 8]. Plaintiffs therefore suggest that said motion is now MOOT and should be denied without further deliberation of this Court, and hereby request the Court to take judicial notice <u>confirming</u> that the State Court's Preliminary Injunction Order is a valid and binding order in this removed action.

II. <u>Motion to Dismiss</u>

Defendant Alum Rock filed its *Motion to Dismiss* [dckt 14] in this action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that claim preclusion precludes the Mulligans' claims[5]. The State Court's Preliminary Injunction Order, entered after its <u>evidentiary</u> hearing, provides, in relevant part:

> 4. Further proceedings must be held in order to determine the extent and nature of the present or former interests of Brett Del Valle and Traci Del Valle in the Property for a determination of what creditors may reach under Utah Code Ann. Section 75-7-505(a). The Second Judicial District Court in and for Weber County is the proper venue for such determination under Utah law, as the Property is located in Weber County, Utah.
>
> <u>The GROUNDS for this *Order and Preliminary Injunction* are as follows</u>:
> …
> Plaintiffs have demonstrated, <u>based on the material facts and the applicable statutory and case law</u>, that they meet each of the four Rule 65A elements necessary to obtain a preliminary injunction as stated hereinabove. Plaintiffs have demonstrated that (1) **there is a substantial likelihood that Plaintiffs will prevail on the merits of their underlying claims**…[6]

---

[4] The State Court held that: "Defendant did not prove at the hearing any potential loss of value of the Property nor of any damages that Defendant might incur, and/or in what amount, that would necessitate any bond or other security to be posted for this preliminary injunction." Preliminary Injunction Order p. 5.

[5] "Alum Rock's primary argument in this Motion is that the Mulligans' claims are barred under the claim preclusion doctrine". *Motion to Dismiss*, p. 3, note 1.

[6] There is a slight variation in the elements needed for a preliminary injunction, however "a likelihood of success on the merits" is present in both state and federal law. *See Cmty. Television*

5

Preliminary Injunction Order, p. 4 (emphasis added).

The State Court's Preliminary Injunction Order thus resolves Alum Rock's Motion to dismiss. Plaintiffs therefore suggest that Alum Rock's motion to dismiss is now MOOT and should be denied without further deliberation of this Court, and hereby request the Court to take judicial notice <u>confirming</u> that the State Court's Preliminary Injunction Order is a valid and binding order in this removed action.

Should this Court not grant Plaintiffs' requests herein, Plaintiffs respectfully reserve the right to yet file a reply to their Motion for Preliminary Injunction [dckt 8] as needed. They have already filed their opposition to Alum Rock's Motion to Dismiss [dckt 25].

DATED March 28, 2025

                                              CANFIELD LAW LLC

                                              _/s/ Felicia B. Canfield_
                                              Felicia B. Canfield
                                              *Attorneys for Mulligans*

---

*of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1197 (D. Utah 2014) (balance favoring injunction) (citing *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir.2009).

**CERTIFICATE OF SERVICE**

      I certify that on March 28, 2025 I caused true and correct copies of the foregoing **REQUEST FOR JUDICIAL NOTICE OF** *ORDER AND PRELIMINARY INJUNCTION* **ENTERED BY STATE COURT ON MARCH 20, 2025 AND SUGGESTION OF MOOTNESS AS TO MOTION FOR PRELIMINARY INJUNCTION [dckt 8] AND MOTION TO DISMISS [dckt 14]** to be served in the manner indicated below to the following-listed parties at their respective addresses listed below:

| | |
|---|---|
| Benjamin D. Johnson<br>KC Hooker<br>BENNETT TUELLER JOHNSON & DEERE<br>3165 East Millrock Drive, Suite 500<br>Salt Lake City, UT 84121<br>ben.johnson@btjd.com<br>kchooker@btjd.com<br>*Attorneys for Defendant Alum Rock Riverside, LLC* | _____Hand Delivery<br>_____First Class, United States Mail, Postage Prepaid<br>_____E-filing via GreenFiling<br>\_\_X\_\_E-filing via CM/ECF<br>_____Email<br>_____Other: _____ |
| Bradley L. Tilt<br>FREEMAN LOVELL, PLLC<br>4568 S Highland Drive, Suite 290<br>Salt Lake City, Utah 84117<br>bradley.tilt@freemanlovell.com<br>*Attorneys for Plaintiffs* | _____Hand Delivery<br>_____First Class, United States Mail, Postage Prepaid<br>_____E-filing via GreenFiling<br>\_\_X\_\_E-filing via CM/ECF<br>_____Email<br>_____Other: _____ |

                                                */s/ Felicia B. Canfield*