# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN and JOHN P. MULLIGAN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company et al.,<br><br>　　　　Defendants. | **ORDER TAKING JUDICIAL NOTICE OF** *ORDER AND PRELIMINARY INJUNCTION* **ENTERED BY STATE COURT ON MARCH 20, 2025**<br><br>Case No. 1:25CV00008 DAK<br><br>Judge Dale A. Kimball |

　　　　Plaintiffs Molly J. Mulligan and John P. Mulligan ("Mulligans") have requested that this court take judicial notice of the Order and Preliminary Injunction entered by the Second Judicial District Court, State of Utah, on March 20, 2025.[1] A certified copy of the Preliminary Injunction Order has been filed in this action.[2]

　　　　Soon after this action was removed from State Court, the Mulligans filed their Motion for Preliminary Injunction in this action.[3] The motion is substantially the same as the Motion for Preliminary Injunction that Mulligans had filed in State Court, and it requested the same relief.[4] The State Court, however, had already issued an oral ruling at its evidentiary hearing, which had been held on January 14, 2025, before this case was removed. The State Court subsequently

---

[1] State Case No. 240908957.
[2] ECF No. 26-1.
[3] ECF No. 8.
[4] The Mulligans refiled their motion in this court pursuant to DUCivR 81-2(c)(1), which provides: "all pending motions and other requests directed to the state court are automatically denied without prejudice on removal." DUCivR 81-1(c)(2) further provides: "[i]f a party seeks a decision on a motion that was automatically denied under section 81-1(c)(1), the party must refile the motion . . . ."

1

entered the Preliminary Injunction Order pursuant *to Pebble Creek Homes, LLC v. Upstream Images, LLC*, 547 F. Supp. 2d 1214, 1218–19 (D. Utah 2007) (confirming state court's signing and entry of written order after notice of removal had been filed, memorializing prior oral ruling from the bench made before notice of removal was filed, was a "ministerial" act that was valid notwithstanding the intervening notice of removal).[5]

The court agrees with Plaintiffs that the State Court's Preliminary Injunction Order resolves all issues and requests for relief that are before this court in the currently pending Motion for Preliminary Injunction (including barring any future foreclosure sales by Alum Rock pending resolution of claims herein, and not requiring any bond). The court will therefore terminate the pending motion as moot.

Plaintiffs have also suggested that Defendant's pending Motion to Dismiss is moot in light of the state court's finding in its Preliminary Injunction Order that there is a substantial likelihood of success on the merits of Plaintiffs' claims. Because Defendants today filed a Motion for Extension of Time regarding their Reply Memorandum relating to the motion, it appears that Defendant's disagree that their Motion to Dismiss is moot.

The court has reviewed the Motion to Dismiss, Plaintiffs' Memorandum in Opposition, and the State Court's Preliminary Injunction Order and is preliminarily inclined to deny the Motion to Dismiss. The court, however, will wait to review the Defendant's Reply Memorandum before issuing a final ruling on the motion.

---

[5] *See also* Stipulated Motion to Extend Time for Plaintiffs to File Reply to Motion for Preliminary Injunction and Memorandum in Support, ECF No. 22.

Accordingly, the court HEREBY TAKES JUDICIAL NOTICE of the State Court's Preliminary Injunction Order[6] and confirms that the State Court's Order is a valid and binding order in this removed action. Accordingly, Plaintiff's Motion for Preliminary Injunction [ECF No. 8] is DENIED AS MOOT.

DATED this 2nd day of April 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[6] ECF No. 26-1.