Benjamin D. Johnson (10275)
KC Hooker (18018)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Email: ben.johnson@btjd.com;
kchooker@btjd.com
*Attorneys for Defendant Alum Rock Riverside, LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN; and JOHN P. MULLIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> ALUM ROCK RIVERSIDE, LLC, a California limited liability company; BRETT H. DEL VALLE and TRACI M. DEL VALLE as Co-Trustees of the Del Valle Family Trust dated October 30, 2002, <br><br> Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> Case No. 1:25-cv-00008-DAK <br><br> Judge Dale A. Kimball |

Defendant Alum Rock Riverside, LLC ("***Alum Rock***"), pursuant to DUCivR 7-1, files this Reply Memorandum in support of its Motion to Dismiss Plaintiffs Molly J. Mulligan and John P. Mulligan's Claims (the "***Motion***").

### INTRODUCTION

The Mulligans[1] opposition to the Motion (the "***Opposition***") is largely an exercise in

---

[1] Unless otherwise noted, all capitalized terms carry the same meaning as the initial Motion.

evasion and side-stepping the issues. Rather than engage with Alum Rock's core arguments—claim preclusion, collateral attack, and comity—the Mulligans instead focus on attempting to moot the Motion and convincing the Court to disregard the Motion's exhibits. The Court should reject the Mulligans' arguments, grant the Motion, and dismiss the Complaint.

## RELEVANT FACTS

1. Before Alum Rock removed this case to federal court, Judge Hyde of Utah's Second Judicial District Court held an evidentiary hearing on the Mulligans' Motion for a Preliminary Injunction. *See generally* Preliminary Injunction Hearing Transcript (the "*Hearing Transcript*"), ECF 14. A copy of the Hearing Transcript is also attached as **Exhibit 1**.

2. Judge Hyde granted the injunction but made the following statements regarding the narrow basis for his ruling:

   a. "Much of the argument and evidence and exhibits that have been presented extend well beyond the issues that are directly before the Court." Hearing Transcript at 66:14-17, Exhibit 1.

   b. "The question that's before this Court today is, what is the right or interest of Brett Del Valle in the property? What is that right? The Supreme Court declined to opine on that very question in Footnote 7, saying that it's expressing no opinion on the impact of the ownership of someone else." *See id.* at 70:19-24.

   c. "So the Court grants the preliminary injunction as expressly provided and limited by the Court. That is, the execution may not go forward in the current extent that suggests a sale of the entire property." *See id.* at 76:20-23.

2

        d.    "Significantly, the Court is making *no ruling whatever on issues of equitable subrogation or the nature of extent of anyone's interest in the property.* Those are determination of real property interest. They cannot be made, certainly in connection with a preliminary injunction hearing, to address the sufficiency of a writ of execution. They may very well be relevant and important for determination in the case, but they are not before the Court today." *See id.* at 77:3-10 (emphasis added).

3.    In his oral ruling, Judge Hyde did not discuss the merits of any of the Mulligans' claims, nor did he consider any of Alum Rock's defenses. *See id.* at 66:12 – 77:10.

4.    The Mulligans subsequently filed a proposed order that simply stated that "there is a substantial likelihood that Plaintiffs will prevail on the merits of their underlying claims," without addressing the limited basis for Judge Hyde's ruling. *See* Proposed Order, Docket No. 62 (State Court Case No. 240908957). A copy of the Proposed Order is also attached as **Exhibit 2**.

5.    Judge Hyde modified the Mulligans' Proposed Order and added the following statements highlighting the limited basis for his ruling:

        a.    "Further proceedings must be held in order to determine the extent and nature of the present or former interests of Brett De Valle and Traci De Valle in the Property for a determination of what creditors may reach under Utah Code Ann. Section 75-7-505(1)." *See* Preliminary Injunction Order at 3-4, ECF 27. A copy of the Preliminary Injunction Order is also attached as **Exhibit 3**.

        b.    "[T]he court further states and clarifies that its oral ruling from the bench during the Hearing, and its above-stated written order, are not final or dispositive of

3

the merits of any of the parties' underlying claims and/or defenses herein. The court's oral ruling from the bench at the Hearing, and this above-captioned order, are exclusively and only on and for the preliminary injunction as stated hereinabove, and nothing more." *See id.*

## ARGUMENT

### I. The Motion to Dismiss is Not Moot.

The Mulligans argue that because Judge Hyde signed an order stating that "there is a substantial likelihood that [the Mulligans] will prevail on the merits of their underlying claims," the Motion is now moot. *See* ECF 27 at 5-6. While the Mulligans couch the issue in terms of the Motion being "moot," the thrust of their argument is that the sufficiency of their Complaint was necessarily resolved through the injunction order and has become law of the case. But the Motion is not moot because (1) the law of the case doctrine does not apply to preliminary rulings under Rule 65; (2) different standards govern motions under Rule 65 and Rule 12(b)(6); and (3) Judge Hyde made no ruling on any of the arguments in the Motion.

"The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) (cleaned up). But "the normal rule is that rulings—predictions—as to the likely outcome on the merits made for preliminary injunction purposes do not ordinarily establish the law of the case, whether the ruling is made by a trial court or by an appellate court." *Fish v. Schwab*, 957 F.3d 1105, 1140 (10th Cir. 2020) (cleaned up); *see also Southern Oregon Barter Fair v. Jackson Cnty. Oregon*, 372 F.3d 1128, 1136 (9th Cir. 2004) (noting that "the general rule [is] that decisions on preliminary

4

injunctions are not binding at trial on the merits, and do not constitute the law of the case") (cleaned up).

"Notwithstanding the law-of-the-case doctrine, a preliminary injunction does not necessarily bar a defendant from later moving to dismiss the complaint under Rule 12(b)(6) or Rule 9(b)." *U.S. v. All-Med Billing Corp.*, Case No. 04-22075-CIV-ALTONAGA/Turnoff, 2005 WL 8155964, *2 (S.D. Fla. April 14, 2005). Federal district courts across the country have echoed this holding.[2] In addition, the Northern District of West Virginia recently encountered a scenario nearly identical to this case, and that court held that it was not precluded from considering the merits of a motion to dismiss. In *Patterson v. NewRez LLC*, the plaintiffs sued the defendants in state court and sought an injunction barring the defendants from foreclosing on the plaintiffs' home. Civil Action No. 1:21CV126, 2022 WL 218985, *1 (N.D. W. Va. Jan. 25, 2022). The state court issued an injunction, and the defendants removed the case to federal court and filed a motion to dismiss. *Id.* The plaintiffs asked the court to deny the motion under the law of the case doctrine, arguing that the finding of a "likelihood of success on the merits" precluded the "defendants' challenges to their complaint." *Id.* at 10. The court rejected the argument and reasoned as follows:

> In the first place, the state court's decision to grant the Plaintiffs' request for a preliminary injunction occurred at a time when the Plaintiffs were threatened

---

[2] *See, e.g.*, *Bowers v. Nat. Collegiate Athletic Ass'n*, 9 F.Supp.2d 460, 466 n.3 (D. N.J. 1998) ("The factual findings entered in connection with the denial of the preliminary injunction are not binding on the Court in considering a motion to dismiss . . . [n]or are the conclusions of law entered in connection with the injunction considered the law of the case."); *Valley Chili Properties, LLC v. Truist Bank*, CAUSE NO. EP-23-CV-420-KC, 2024 WL 5036618, *1 (W.D. Tex. Mar. 1, 2024); *Value Drug Co. v. Only One Hub, Ink.*, Civil No. 3:23-cv-00263, 2024 WL 3293615, *4 n.5 (W.D. Penn. July 3, 2024); *Fuhu, Inc. v. Toys "R" US, Inc.*, CASE NO. 12cv2308-WQH-WVG, 2013 WL 12097569, *5 (S.D. Cal. Mar. 1, 2013); *Northwest Federal Credit Union v. SBC Finance, LLC*, Civil No. 1:16-cv-1299, 2017 WL 7737324, *3 (E.D. Va. Jan. 18, 2017).

5

> with foreclosure of their property. That decision thus was not a purely legal decision to which the law of the case doctrine applies.
>
> Moreover, the law of the case doctrine does not prevent the Court from applying the proper legal standard when reviewing a motion to dismiss, even though a preliminary injunction is in place. Here, the pending motions present questions distinct from those addressed by the state court. Although the state court weighed the Plaintiffs' chance of success on the merits of their claims as a factor in deciding whether to grant a preliminary injunction, it further considered the exigent circumstance of the impending sale of their property and the increased risk of irreparable harm they faced. In contrast, this Court must determine the viability of the Plaintiffs' claims under both substantive and procedural law and address the corporate defendants' challenges to the merits of the complaint.

*Id.* (citations omitted).

*Patterson*'s reasoning applies squarely to this case. When Judge Hyde signed the Mulligans' proposed order and stated they were likely to prevail, he did not make a purely legal decision to which the law of the case doctrine could apply. And the standard for a motion under Rule 12(b)(6) is separate and distinct from the standard under Rule 65. For these reasons alone, the Court should consider the merits of the Motion.

In addition, when Judge Hyde issued the preliminary injunction, he went to great lengths to emphasize that the injunction was based only on his determination that further proceedings needed to be held to determine Del Valle's interest in the Property. In doing so, Judge Hyde made no explicit decision or ruling on the merits of the Mulligans' claims or any of the arguments Alum Rock makes in the Motion. *See* SOF Nos. 2-5. Because Judge Hyde's order is, at best, a prediction of "the likely outcome on the merits made for preliminary injunction purposes," that order does not "establish the law of the case" for the Motion. *Fish*, 957 F.3d at 1140. This Court should accordingly consider the Motion on the merits.

## II. The Court Can Consider Alum Rock's Arguments and the Documents Attached to the Motion.

In their Opposition, the Mulligans fault Alum Rock for not addressing the sufficiency of their allegations, object to Alum Rock's exhibits, and proceed to explain why their allegations state valid legal claims. *See generally* Opposition. But the Mulligans' arguments miss the mark. While it's true that courts are generally restricted to the complaint's allegations under Rule 12(b)(6), it is equally well-settled that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). "It, thus, is unremarkable that courts frequently take judicial notice of prior judicial acts found in records and files when evaluating the merits of a purported claim-preclusion defense." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020).

In the Motion, Alum Rock asked the Court to take judicial notice of the attached exhibits under Rule 201 of the Federal Rules of Evidence. Those documents consist of (1) court filings from earlier lawsuits between Alum Rock and the Mulligans and (2) public records from the Weber County Recorder's office. The Mulligans do not argue that the exhibits do not come from "sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). Nor do they explain why this Court should depart from the Tenth Circuit's holding that court filings and public records can be considered on a motion to dismiss. *See Johnson*, 950 F.3d at 705. Because the Court may take judicial notice of each of the exhibits attached to the Motion, the Court can consider those exhibits along with the Mulligans' allegations.

## III. The Mulligans' Claims are Barred by Claim Preclusion.

Though the Mulligans never address claim preclusion head-on, they appear to challenge

the first element, which requires that "both cases must involve the same parties or their privies." *Mack v. Utah State Dep't of Com., Div. of Sec.*, 2009 UT 47, ¶ 29, 221 P.3d 194 (citation omitted). According to the Mulligans, claim preclusion does not apply because they "were not named parties" in the First Lawsuit and the First Lawsuit was not an "action." *See* Opposition at 3, 17. The Court should reject these arguments.

To begin with, the Mulligans' formalistic understanding of a "party" does not change the fact that their arguments are barred. According to the Mulligans, claim preclusion does not apply to them because they were technically not listed in the caption for the First Lawsuit—despite the fact that they litigated their defenses all the way to the Utah Supreme Court. Indeed, Black's Law Dictionary defines the word "party" to include "anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment." *See* Black's Law Dictionary, *Party* (12th ed. 2024). This definition describes the Mulligans exactly. In the First Lawsuit, the Mulligans were served the writ of execution, filed objections, and appealed to the Utah Supreme Court. If the Mulligans' formalistic understanding of the meaning of "party" were correct, they could take advantage of the legal processes afforded in the First Lawsuit without incurring the corresponding obligation to raise all related defenses in a single proceeding. This cannot be the case.

The Mulligans' argument that the First Lawsuit was not an "action" fares no better. According to the Mulligans, the Utah Supreme Court held that the First Lawsuit was "not an action at all." *See* Opposition at 17. That is not what the Utah Supreme Court said. What it said was that "this proceeding to enforce that judgment through a writ of execution is not an action *involving real property* governed by the venue statute." *Mulligan v. Alum Rock Riverside, LLC*,

8

2024 UT 22, ¶ 66, 556 P.3d 21 (emphasis added). Regardless, claim preclusion does not require a prior "action," it requires a prior "case." *See Press Pub., Ltd. v. Matol Botanical Intern., Ltd.*, 2001 UT 106, ¶ 19, 37 P.3d 1121 (the first element of claim preclusion requires that "both cases must involve the same parties or their privies"). The Mulligans have not, and cannot, argue that the First Lawsuit was not a "case." *See* Black's Law Dictionary, *Case* (12th ed. 2024) (defining a "case" as "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity"). What's more, cases have held that res judicata can apply to supplemental proceedings like executions. *See Eckhaus v. Blauner*, No. 94 CIV. 5635(CSH), 1997 WL 362166, *5 (S.D.N.Y. June 26, 1997) ("There is authority for the proposition that supplemental proceedings may lay the foundation for application of res judicata."); *Leslie v. Laprade*, 726 A.2d 1228 (D.C. Ct. App. 1999) (finding that a party could not challenge a writ of execution in a separate action when the party moved to "strike the writ of execution," "was denied that relief," and "took no appeal").

In summary, the Mulligans were parties to the First Lawsuit, and the First Lawsuit was the kind of proceeding that can lay the ground for claim preclusion. The Court should hold that the Mulligans' claims are barred and dismiss the Complaint.

**IV.   The Mulligans' Claims are an Impermissible Collateral Attack and Tred Upon the Jurisdiction of Utah's Third Judicial District Court.**

In the Motion, Alum Rock argued that the Complaint violates the "[t]he general rule . . . that a judgment may not be drawn in question in a collateral proceeding." *See* Motion at 13 (quoting *Tolle v. Fenley*, 2006 UT App 78, ¶ 15, 132 P.3d 63). Alum Rock also argued that, under principles of comity, this Court should decline to exercise jurisdiction over the Mulligans'

9

request for injunctive relief because it would interfere with the Utah Third District Court's ability to preside over enforcement of its own orders. The Mulligans do not address these arguments at all. Instead, the Mulligans simply conclude that they are not "attacking Alum Rock's Lien and Writ." *See* Opposition at 16. But the Mulligans' own request for relief shows otherwise. The Mulligans are asking this Court to declare that (1) "Alum Rock's Lien . . . did not attach to any purported contribution interest of Brett Del Valle in or to the Property" and that (2) the Mulligans' "interests in and to the Property are free and clear of and from, and are wholly unaffected by, the Alum Rock Lien and any and all other claims of or by Defendant Alum Rock . . . [including] any attempt of Defendant Alum Rock to execute upon and/or to foreclose any claimed lien upon and/or encumbrance against the Property." *See* Complaint ¶¶ 33, 68. These requests are nothing other than an attack on Alum Rock's lien and the enforceability of the writ of execution. The Court should accordingly dismiss the Complaint and leave non-precluded issues (if any) to be addressed by Utah's Third District Court.

## CONCLUSION

The Mulligans' arguments do not change the conclusion that their Complaint must be dismissed. The Court should grant the Motion and dismiss the Mulligans' claims with prejudice.

DATED this 17th day of April, 2025.

                                                               BENNETT TUELLER JOHNSON & DEERE

                                                               */s/ KC Hooker*
                                                               Benjamin D. Johnson
                                                               KC Hooker
                                                               *Attorneys for Defendant Alum Rock Riverside, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2025, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be electronically filed with the Court's ECF system and served by the method indicated below to the following:

| | | |
|---|---|---|
| Bradley L. Tilt | (X) | ECF |
| FREEMAN LOVELL, PLLC | ( ) | E-Mailed |
| 4568 S Highland Drive, Suite 290 | ( ) | E-Mail via GreenFiling |
| Salt Lake City, Utah 84117 | ( ) | U.S. Mail, Postage Prepaid |
| bradley.tilt@freemanlovell.com | ( ) | U.S. Mail via GreenFiling |
| *Attorney for Plaintiffs* | ( ) | Certified Mail |

| | | |
|---|---|---|
| Felicia B. Canfield | (X) | ECF |
| CANFIELD LAW LLC | ( ) | E-Mailed |
| 2413 Newton Avenue | ( ) | E-Mail via GreenFiling |
| Cody, WY 82414 | ( ) | U.S. Mail, Postage Prepaid |
| canfieldlawllc@gmail.com | ( ) | U.S. Mail via GreenFiling |
| *Attorneys for Plaintiffs* | ( ) | Certified Mail |

*/s/ Angelica Torres*