IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOLLY J. MULLIGAN and JOHN P. MULLIGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ALUM ROCK RIVERSIDE, LLC, a California limited liability company et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 1:25CV00008 DAK-CMR<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Alum Rock Riverside, LLC's ("Alum Rock") Motion to Dismiss. The court has carefully reviewed the motion, the related briefing on the motion, and all the exhibits, and it has determined that oral argument would not assist the court in deciding the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

In its motion, Alum Rock contends that Plaintiffs Molly and John Mulligan ("Plaintiffs or "the "Mulligans") are attempting to drag out this dispute by seeking to collaterally attack valid judgments form other courts and forum shopping in hopes of obtaining a favorable decision.[1] Alum Rock urges this court to dismiss the Mulligans' claims for three independent reasons: First, the Mulligans' new claims are barred by claim preclusion. Second, each of the Mulligans' new claims represent an impermissible collateral attack on the Utah Supreme Court's decision. And third, this court should decline to exercise jurisdiction over the Mulligans' claim for injunctive relief so as not to interfere with the proceedings pending before Judge Mow in Utah's Third Judicial District Court.

---

[1] ECF No. 14.

1

For the reasons stated in Plaintiffs' Opposition Memorandum, and in Judge Hyde's statements during the January 14, 2025, evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, the court finds Alum Rock's arguments to be unavailing. The Mulligans' claims are not barred by claim preclusion, they are not an impermissible attack on the Utah Supreme Court's decision, and they are not an attempt to interfere with Judge Mow's ruling in Third District Court. Thus, there is no basis upon which to dismiss Plaintiffs' claims at this juncture.

In its Reply Memorandum, Alum Rock spends significant time refuting Plaintiffs' suggestion that the Motion to Dismiss is moot in light of the state court's determination, after an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, that there is a substantial likelihood that Plaintiffs will prevail on the merits of their underlying claims. Alum Rock is correct that Judge Hyde's preliminary injunction order does not establish the law of the case,[2] but the court finds that Alum Rock's arguments are simply not meritorious, which is presumably at least part of Judge Hyde's reasoning in finding that Plaintiffs have a substantial likelihood of success on the merits and in granting Plaintiffs' preliminary injunction motion.

As Judge Hyde sensibly observed in his November 26, 2024, oral ruling, "[w]e do not know what the writ attaches to, what that judgment attaches to."[3] He later similarly stated, "There is not a determination by the Supreme Court as to what, or the extent of the property interest of Mr. Del Valle . . . . But the question is, the extent of the interest to which the judgment attaches. There is no question that the judgment created a lien. There is no question that that judgment lien attaches to the property. The question is, what is the property?"[4] Judge Hyde further noted that "the Court does nothing at all to undermine or impair the validity of the writ, the validity of its issuance, or its current enforceability. But

---

[2] ECF No. 34 at 4-6. Page references in this memorandum decision refer to the page numbers appearing on the bottom of the page.
[3] ECF 34-1, Transcript of Preliminary Injunction Hearing on January 14, 2025, at 8.
[4] *Id.* at 68-69.

the ruling of the Court is that writ may only extend to whatever interest Brett Del Valle, including his individual interest or his interest as a settlor of the trust, may have in the property. . . . But those interests have not yet been determined, and there is a dispute as to what those interests are."[5] In the Preliminary Injunction Order, he also added that "[f]urther proceedings must be held in order to determine the extent and nature of the present or former interests of Brett De Valle and Traci De Valle in the Property for a determination of what creditors may reach under Utah Code Ann. Section 75-7-505(1)."[6]

After carefully considering the docket of this case, the court agrees with Judge Hyde's determinations. The Mulligans' claims are not barred by claim preclusion, they do not represent an impermissible collateral attack on the Utah Supreme Court's decision, and they do not interfere with the Third Judicial District Court proceedings. Accordingly, Alum Rock's Motion to Dismiss [ECF No. 14] is DENIED.

DATED this 26th day of August 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[5] *Id.* at 74-75.
[6] ECF No. 34-3, Preliminary Injunction Order at 3.